561 A.2d 331

**COMMONWEALTH of Pennsylvania**

v.

**William L. GRAHAM, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 23, 1989.

Filed June 16, 1989.

Reargument Denied July 28, 1989.

394

Richard E. Bower, Assistant Public Defender, Uniontown, for appellant.

Alphonse P. Lepore, Jr., Assistant District Attorney, Uniontown, for Com., appellee.

Before WIEAND, McEWEN and CERCONE, JJ.

CERCONE, Judge:

This is a direct appeal from a judgment of sentence. On June 7, 1988, appellant, William Lee Graham, was found guilty by jury of theft by deception.[1] The lower court subsequently denied appellant's motion for a new trial and/or in arrest of judgment and sentenced him to not less

1. 18 Pa.C.S.A. § 3922.

than one (1) year nor more than two (2) years imprisonment. We reverse.

Appellant contends that the lower court erred in denying his demurrer regarding the crime of theft by deception.[2] Specifically, appellant argues that the Commonwealth did not establish the requisite intent for a conviction for theft by deception. We agree.

Reviewing the record, we note that appellant took the stand as a witness following the denial of his motion for demurrer. Recently, in *Commonwealth v. Mott*, 372 Pa.Super. 133, 539 A.2d 365 (1988), we stated regarding this type of situation:

> Moreover, the law is settled in Pennsylvania that since the trial court denied the demurrer and the appellant thereafter presented a defense, his ability to challenge the propriety of the order denying the demurrer is foreclosed. *See Commonwealth v. Ilgenfritz*, 466 Pa. 345, 353 A.2d 387 (1976); *Commonwealth v. Olds*, 322 Pa.Super. 442, 469 A.2d 1072 (1983). At this point a challenge to the correctness of the trial judge's ruling can only be regarded as a challenge to the sufficiency of the evidence. *Commonwealth v. Hammock*, 319 Pa.Super. 497, 466 A.2d 653 (1983).

*Id.* 372 Pa.Super. at 139–40, 539 A.2d at 368 (footnote omitted). *See also Commonwealth v. Watson*, 355 Pa.Super. 160, 512 A.2d 1261 (1986).

In the case *sub judice*, appellant's demurrer was denied and his counsel chose to proceed with the presentation of appellant's defense. Thus, appellant can not now challenge the propriety of the lower court's decision to deny his demurrer. We will, however, evaluate the sufficiency of the evidence in accordance with the dictates of the *Watson* case.

When reviewing a sufficiency claim, "we [must] view the evidence in the light most favorable to the Commonwealth

---

**2.** Appellant raises several additional issues pursuant to this appeal. Our resolution of this issue, however, renders the discussion of any other issues unnecessary.

and, drawing all reasonable inferences therefrom favorable to the Commonwealth, determine if there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Stoyko*, 504 Pa. 455, 462, 475 A.2d 714, 718 (1984). Since findings made by the trier of the facts can be based on circumstantial evidence, criminal intent may be based on circumstantial evidence. *Commonwealth v. Quartapella*, 372 Pa.Super. 400, 539 A.2d 855 (1988). Viewing the evidence in the light most favorable to the Commonwealth in the instant case, however, we find no violation of section 3922 of the Crimes Code.

The facts, as ascertained from the lower court record, are as follows. On March 11, 1987, appellant was confronted by a confidential informant of the Commonwealth who sought to purchase cocaine from him. The informant was provided three hundred fifty ($350.00) dollars by two officers of the state police narcotics squad for the purchase of contraband. Meeting in Petro's Bar in Uniontown, the informant tendered the money to appellant. The two then left Petro's and traveled by automobile to the downtown area of Uniontown, parking across the street from the Greyhound Bus station. The aforementioned state police officers followed them in an unmarked automobile.

Upon their arrival at the Greyhound station, appellant directed the informant to wait in the automobile. Both the informant and the officers observed appellant walking to the general direction of Bake's Bar. For approximately an hour and fifteen minutes, the informant waited in vain for appellant to return. The informant then entered Bake's Bar to search for appellant who was not to be found. Appellant was subsequently charged with and convicted of theft by deception.

The crime of theft by deception is defined by statute as follows:

(a) Offense defined.—A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;

(2) prevents another from acquiring information which would affect his judgment of a transaction; or

(3) fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship.

(b) Exception.—The term "deceive" does not, however, include falsity as to matters having no pecuniary significance, or puffing by statements unlikely to deceive ordinary persons in the group addressed.

18 Pa.C.S.A. § 3922.

Our supreme court, in *Commonwealth v. Gallo*, 473 Pa. 186, 373 A.2d 1109 (1977), outlined the mens rea requirement of section 3922. In *Gallo*, appellant received one thousand seven hundred fifty ($1,750.00) dollars pursuant to an agreement to produce advertising brochures within a ninety (90) day period. Upon his failure to produce the brochures, appellant was charged with and convicted of theft by deception. Our supreme court reversed the conviction, however, finding that the Commonwealth had not established the requisite intent pursuant to Section 3922.

As the court wisely explained, "[i]f appellant's conviction is to be sustained, it must be because appellant never intended to perform his part of the contract, i.e., supplying the brochures.... The statute specifically states that 'deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise.' 18 Pa.C.S.A. § 3922(a)(1). Our review of the record fails to show any evidence as to appellant's intention except his failure to perform. This alone is insufficient." *Id.*, 473 Pa. at 191, 373 A.2d at 1111.

■ Unlike *Gallo,* the instant case involves contraband and not a lawful contract for goods. Nevertheless, we find the underlying logic of the *Gallo* case persuasive and its precedent binding. In the case *sub judice,* no evidence other than non-performance was proffered to establish appellant's intent in accordance with the mandate of section 3922. Intent can not be inferred from the fact that the cocaine was not delivered and the money never returned. These facts only establish appellant's non-performance. Thus, in light of *Gallo* and the plain language of section 3922(a)(1), the evidence presented is inadequate to establish intent on the part of appellant.[3]

The dissent in the instant case, however, argues that the Commonwealth adequately demonstrated appellant's intent with regard to section 3922. Specifically, the dissent seems to suggest that appellant in the instant case not only failed to perform, but absconded. We disagree. While it is undisputed that appellant did not return either the money or deliver the illegal drugs sought, our review of the record fails to establish that appellant absconded in the sense the word is used in *Gallo.*

The supreme court in *Gallo,* quoting this author, noted that the appellant in that case did not attempt to abscond. But as the court also noted in *Gallo:*

Both the trial court and Superior Court majorities emphasized that appellant never answered Leveto's calls or answered his letters. Suffice it to say that appellant

---

**3.** In *Commonwealth v. Wilson,* 5 Pa.D. & C.3d 417 (1978), the court of common pleas was confronted with a factual situation on point with the instant case. The defendant in *Wilson* agreed to provide a state narcotic agent with heroin for a price of three hundred seventy-five ($375.00) dollars. After receiving the money the defendant departed, "leaving the agent holding the bag instead of the promised bundle." *Id.* at 418. Defendant never delivered the drugs or returned the money and was subsequently charged with theft by deception.

Citing *Gallo,* the court found that the defendant's nonperformance was inadequate to establish intent with regard to the theft by deception. Although we are not bound by *Wilson,* we find the analysis of the lower court persuasive. Interpreting section 3922(a)(1) and following *Gallo,* the court in *Wilson* found that the Commonwealth proffered no evidence of the defendant's intent other than his non-performance. Such is also the case here.

gave Leveto both the correct telephone number and post office box which appellant had rented. With the ease by which appellant could have been tracked down by his telephone number or post office box, we believe these facts show nothing; in fact, if probative of anything, they would tend to exculpate appellant, as they indicate a lack of intention to deceive.

*Gallo, supra,* 473 Pa. at 190, 373 A.2d at 1111.

In the instant case, appellant did depart from the police informant's presence without warning. Our review of the record, however, fails to reveal that appellant "absconded" in the *Gallo* sense of the word. In *Gallo,* the supreme court noted that appellant "could have been tracked down by his telephone number or post office box," suggesting that appellant had not absconded from town. The evidence presented in the case *sub judice,* in contrast, only demonstrated that appellant left informant's presence after receiving the money. No evidence is proffered, for instance, regarding appellant's whereabouts subsequent to the failed transaction. Since no evidence is proffered establishing appellant's intent other than his non-performance, we find that the Commonwealth failed to establish the requisite mens rea regarding section 3922.

While one may question the wisdom of requiring greater evidence of intent to commit theft by deception than actual nonperformance of the criminal contract, it is the province of this court to interpret the law as it is written. Perhaps the legislature would be well-advised to reconsider this issue in the future. This is not to suggest, however, that failed drug transactions are not within the scope of section 3922. We are only stating that greater evidence than mere nonperformance will be required to establish intent. This was not done in the instant case.

Accordingly, judgment of sentence is reversed and sentence is vacated. Remanded for proceedings consistent with this opinion.

WIEAND, J., files a dissenting opinion.

McEWEN, J., concurs in the result.

WIEAND, Judge, dissenting:

I respectfully dissent. Contrary to the majority, I do not view this case as one in which the Commonwealth showed only a failure to perform a promise. This, rather, is a case in which the Commonwealth showed and a jury found that the appellant, William Graham, had absconded with three hundred and fifty ($350) dollars given him by a police informant upon the assurance that he would use the money to make an immediate purchase of cocaine. These circumstances, in my judgment, constituted the crime of theft by deception in violation of 18 Pa.C.S. § 3922.

The facts of this case are readily distinguishable from those in *Commonwealth v. Gallo*, 473 Pa. 186, 373 A.2d 1109 (1977), upon which the majority relies. In *Gallo*, the appellant entered into a legitimate business contract which was to be performed within ninety days. Noting that the appellant had given the other party to the contract his correct phone number and post office box, the Supreme Court concluded that " 'there was no evidence that the appellant attempted to abscond....' " *Commonwealth v. Gallo, supra*, 473 Pa. at 191, 373 A.2d at 1112, quoting *Commonwealth v. Gallo*, 236 Pa.Super. 557, 566, 345 A.2d 747, 752 (1975) (Cercone, J. dissenting). Thus, the Commonwealth's evidence showed only a failure by Gallo to perform his contract in a timely manner.

In the instant case, by contrast, appellant took money from a police informant for the express purpose of making an immediate purchase of cocaine. While the informant waited, appellant entered a bar and disappeared. When, after an hour, the informant went into the bar in search of appellant, appellant was nowhere to be found. He had absconded without delivering the cocaine and without returning the money. A jury could infer from these circumstances that appellant had absconded with the money entrusted to him by the informant and without any intent to

use it for the purpose for which it had been advanced. To impose criminal liability under these circumstances will not in any way constitute a broad interpretation of the statute which will "jeopardize normal business practices." See: *Commonwealth v. Quartapella*, 372 Pa.Super. 400, 402, 539 A.2d 855, 856 (1988), citing *Commonwealth v. Gallo*, 473 Pa. 186, 373 A.2d 1109 (1977). See also: Toll, Pennsylvania Crimes Code Annotated § 3922 at 431–432, quoting Model Penal Code Comment: (T.D. No. 2, pp. 65–73). I would hold, therefore, that the Commonwealth produced sufficient evidence to sustain appellant's conviction for theft by deception.

Appellant argues further that he was not tried within the time constraints of Pa.R.Crim.P. 1100. This case was pending in the trial court, however, on December 31, 1987, when amended Rule 1100 became effective. Appellant was not then incarcerated while awaiting trial. Therefore, amended Rule 1100 had the effect of extending the time within which to commence trial on the charges against him from 180 to 365 days. See: *Commonwealth v. Palmer*, 384 Pa.Super. 379, 558 A.2d 882 (1989). Because appellant was tried within 365 days after the filing of the complaint, his Rule 1100 argument is lacking in merit.

Finding no merit in appellant's remaining issues, I would affirm the judgment of sentence.