596 A.2d 1117

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**William L. GRAHAM, Appellee.**

Supreme Court of Pennsylvania.

Submitted March 7, 1991.

Decided Oct. 1, 1991.

R.C. Warman, Uniontown, for appellant.

Jeffrey W. Whiteco, Public Defender, Uniontown, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY,
McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

### OPINION ANNOUNCING THE JUDGMENT
### OF THE COURT

PAPADAKOS, Justice.*

This is an appeal by the Commonwealth from an order of
the Superior Court which reversed the judgment of sen-
tence of the Court of Common Pleas of Fayette County.
385 Pa.Super. 393, 561 A.2d 331. The Superior Court
concluded that the evidence was insufficient to sustain
Appellee's conviction for theft by deception. We agree and
affirm the order of the Superior Court.

The only evidence in this case is as follows: Two state
police narcotics squad officers provided a police informant
with $350.00 for the purchase of cocaine. The informant,
followed by the two officers in an unmarked car, proceeded
to Petro's Bar in Uniontown where he met with Appellee.
Appellee and the informant left Petro's together and, still
followed by the officers, drove to another area of Union-
town. After instructing the informant to wait in the car,
Appellee walked away from the vehicle. Upon observing
Appellee walking away from the informant's car, the offi-
cers left their car and walked to a point where they ob-
served Appellee entering Bake's Bar. After waiting for
more than an hour, the officers directed the informant to
look for Appellee in Bake's Bar. The informant returned to
the officers' car and reported that Appellee was not in the
bar. The informant was searched at this point, and neither
money nor drugs were found on his person. The informant
testified at trial that he had given Appellee $350.00 to
purchase cocaine, but never received the drugs in question.
The record contains no direct evidence of any kind that
Appellee promised to deliver drugs or anything else to the
informant. The $350.00 has never been recovered by the

* Reassigned to this writer on April 10, 1991.

Commonwealth. Appellee was subsequently arrested and convicted of theft by deception.

Section 3922 of the Crimes Code, Theft by Deception, provides in relevant part:

(a) Offense defined.—A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise.

In order to obtain a conviction under § 3922, the Commonwealth was required to prove beyond a reasonable doubt that Appellee obtained the $350.00 in question by intentionally creating a false impression that he would deliver cocaine to the police informant. In reversing the judgment of sentence in this case, the Superior Court properly relied upon this Court's decision in *Commonwealth v. Gallo*, 473 Pa. 186, 373 A.2d 1109 (1977), and found that no evidence other than non-performance was proffered to establish Appellee's intent in accordance with the mandate of § 3922. This is clearly correct.

The evidence here is insufficient to sustain Appellee's conviction for theft by deception. Under § 3922 of the Crimes Code, "deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise." Yet, that is what the jury did here. Appellee was convicted on the basis of the fact that he did not deliver cocaine to the informant. Nothing more. There are no additional facts in the record from which the intent to deceive could reasonably be inferred. Appellee did testify on his own behalf at trial and denied taking the money or deceiving the informant with a promise to deliver cocaine. Perforce, he denied any *intent* to deceive. The Commonwealth cannot sustain its burden of proof solely on the jury's disbelief of Appellee's testimony. It has been long accepted that the disbelief

of a denial does not, taken alone, afförd affirmative proof that the denied fact existed so as to satisfy a proponent's burden of proving that fact. *Cruzan v. New York Central & Hudson River R.R.*, 227 Mass. 594, 116 N.E. 879 (1917), appeal dismissed per stipulation, 249 U.S. 621, 39 S.Ct. 385, 63 L.Ed. 806 (1918). See also, Fleming James, Jr., *Civil Procedure* (Little Brown & Co. 1965), § 7.11. Without disbelief of Appellee's denial, all that is left of the Commonwealth's case is the fact that Appellee never returned with the promised cocaine. That is not enough to show deceptive intent under § 3922 of the Crimes Code. Accordingly, the order of the Superior Court is affirmed.

NIX, C.J., concurs in the result.

LARSEN, J., files a dissenting opinion in which FLAHERTY and McDERMOTT, JJ., join.

LARSEN, Justice, dissenting.

I dissent. The majority states that Superior Court's holding was "clearly correct" (Majority Opinion, p. 3). In elaborating upon its perception of the correctness of that holding, the majority states, "Appellee was convicted on the basis of the fact that he did not deliver cocaine to the informant. *Nothing more. There are no additional facts in the record from which the intent to deceive could reasonably be inferred.*" (emphasis added), (Majority Opinion, p. 4). The proscription against inferring the intent to deceive merely from a failure to perform a promise is contained in § 3922 of the Crimes Code, **Theft by deception,** which provides in relevant part:

(a) **Offense defined.**—A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but *deception as to a person's intention to perform a promise shall not be inferred from the fact*

*alone that he did not subsequently perform the promise;* (emphasis added).

The majority is incorrect in holding that there are no additional facts in the record from which the intent to deceive can be inferred. The record reveals that members of a state police narcotics squad had employed the informant in this case over a seven-month period for the purpose of making undercover drug purchases. During that time, the informant received $350.00 from two of the narcotics squad members for the purpose of making a purchase of cocaine. The informant met with appellee at a Uniontown bar and transferred the $350.00 to appellee with the understanding that appellee would purchase for the informant one-eighth of an ounce of cocaine. Appellee and the informant left the bar together and drove in the informant's car to another Uniontown bar where the cocaine was to be obtained. Appellee directed the informant to wait in his car while appellee entered the bar and obtained the cocaine. The informant was under surveillance by the two narcotics squad officers who followed him in an unmarked car from the point at which he was given the $350.00. The informant waited for over an hour before being told by the officers to go into the bar appellee had entered to determine if appellee was still inside. The informant entered the bar and determined that appellee was not there. Appellee neither returned the $350.00 nor delivered the promised cocaine.

Additionally, this saga took place in an illegal context. The transaction here bears no similarity to the situation in *Commonwealth v. Gallo*, 473 Pa. 186, 373 A.2d 1109 (1977), relied upon by Superior Court in reversing the judgment of sentence in this case, and which involved a legal, contractual dispute between two experienced businessmen. Moreover, the language of § 3922(a)(1) which refers to a promise not subsequently performed is language which implies the transfer of property followed by the separate, subsequent performance of that promise. In the instant case, the

promised performance was an integral part of an ongoing/continuing transaction.[1]

Accordingly, I dissent and would reverse the order of Superior Court and reinstate the judgment of sentence.

FLAHERTY and McDERMOTT, JJ., join in this dissenting opinion.

1. The majority also asserts that the record contains no direct evidence of any kind that appellee promised to deliver drugs to the informant. To the contrary, the record contains such evidence, to wit, the testimony of the informant:

Q. Okay. Where did you give him $350.00?

A. At Petro's Bar.

Q. Okay. What was your understanding once you left Petro's Bar?

A. I was—he was suppose (sic) to get me an eighth ounce of cocaine. (N.T. 6/6/88, p. 45).