**Commonwealth v. Stackfield**

*Thomas A. Placey, assistant district attorney,* for the Commonwealth.
*Michael A. Scherer,* for defendant.

BAYLEY, *J.,* July 21, 1993—Following a bench trial on June 7, 1993, defendant was convicted of theft by deception in violation of the Crimes Code at 18 Pa.C.S. §3922. He filed a post-trial motion. The evidence in a light most favorable to the Commonwealth is as follows.[1]

In an undercover capacity, Thomas J. Kauffman, an Upper Allen police officer assigned to the Tri-County Drug Task Force, was in an unmarked car with a confidential informant on April 2, 1992. While at the intersection of Bretz Avenue and West North Street in Carlisle, the police officer saw defendant make eye contact with the informant. They pulled up and defendant told the informant to get out of the car. The informant talked to him and then got back into the car. They drove around for about 10 minutes and then returned to where defendant was at which time defendant motioned for them to stop. The informant got out and talked to defendant and then defendant came to the window of the car. The officer handed him $60 for the purchase of three rocks of cocaine. Defendant told the officer to drive around the block and come back for the cocaine in five minutes. The officer followed his instructions and when he came back defendant motioned to him to drive into an alley. The officer did,

_____

1. *Commonwealth v. Enders,* 407 Pa. Super. 201, 595 A.2d 600 (1991).

and stopped, but defendant never came. The officer then drove around the area for another 45 minutes looking for defendant, but he could not find him. Defendant was subsequently charged with the theft of the $60.

## DISCUSSION

Defendant has briefed two issues he raised in his post-trial motion. All other issues not briefed are abandoned. Cumberland County Rule of Procedure 210-7. Relying on *Commonwealth v. Graham,* 528 Pa. 250, 596 A.2d 1117 (1991), defendant maintains that even accepting the Commonwealth's evidence as true, his non-performance of the drug transaction does not constitute sufficient evidence of an intent to deceive that is necessary to violate section 3922 of the Crimes Code. That section provides in pertinent part:

"(a) *Offense defined.*—A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

"(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; *but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;* (emphasis added)

The facts in *Commonwealth v. Graham, supra,* were set forth by the Supreme Court as follows:

"The only evidence in this case is as follows: Two state police narcotics squad officers provided a police informant with $350 for the purchase of cocaine. The informant, followed by the two officers in an unmarked

car, proceeded to Petro's Bar in Uniontown where he met with appellee. Appellee and the informant left Petro's together and, still followed by the officers, drove to another area of Uniontown. After instructing the informant to wait in the car, appellee walked away from the vehicle. Upon observing appellee walking away from the informant's car, the officers left their car and walked to a point where they observed appellee entering Bake's Bar. After waiting for more than an hour, the officers directed the informant to look for appellee in Bake's Bar. The informant returned to the officers' car and reported that appellee was not in the bar. The informant was searched at this point, and neither money nor drugs were found on his person. The informant testified at trial that he had given appellee $350 to purchase cocaine, but never received the drugs in question. *The record contains no direct evidence of any kind that appellee promised to deliver drugs or anything else to the informant.* The $350 has never been recovered by the Commonwealth." (emphasis added) *Id.* at 251, 596 A.2d at 1118.

The Supreme Court stated that in *Graham* "[I]n order to obtain a conviction under section 3922, the Commonwealth was required to prove beyond a reasonable doubt that appellee obtained the $350 in question by intentionally creating a false impression that he would deliver cocaine to the police informant." The court concluded:

"The evidence here is insufficient to sustain appellee's conviction for theft by deception. Under section 3922 of the Crimes Code, 'deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise.'

Yet, that is what the jury did here. Appellee was convicted on the basis of the fact that he did not deliver cocaine to the informant. Nothing more. *There are no additional facts in the record from which the intent to deceive could reasonably be inferred."* (emphasis added) *Id.* at 252, 596 A.2d at 1118.

In the case sub judice, *the police officer* gave defendant $60 for the purchase of three rocks of cocaine. Defendant took the money and told the officer to come back for the cocaine in five minutes. Thus, unlike *Graham,* there is evidence that the $60 provided to defendant was in return for his promise to deliver cocaine. When the officer followed defendant's instructions, and came back, defendant motioned to him to drive into an alley. Defendant then disappeared. All of this evidence was sufficient to show defendant's deception in accepting and retaining the $60 from the police officer by creating a false impression as to his intention to perform his promise to deliver three rocks of cocaine in return for the money. Thus, the elements of the crime of theft by deception under section 3922(a)(1) were proven beyond a reasonable doubt, and defendant is not entitled to an arrest of judgment.

Lastly, defendant, maintains he is entitled to relief because the Commonwealth did not call as a witness the informant who was in Officer Kauffman's vehicle. The Commonwealth disclosed the name of the informant to defense counsel pursuant to an order of court entered on March 25, 1993. There is no evidence that the informant was not available to the subpoena of either defendant or the Commonwealth. The testimony of the informant

574

was not necessary for the Commonwealth to prove the elements of theft by deception or for defendant to establish any defense. See *Commonwealth v. Ross,* 424 Pa. Super. 570, 623 A.2d 827 (1993). Since defendant took *the police officer's money* and did not produce the cocaine *to the officer* as he promised, see *Commonwealth v. Twyman,* 425 Pa. Super. 198, 624 A.2d 636 (1993), the decision of the Commonwealth not to call the informant was not an error requiring any post-trial relief.

## ORDER

And now July 21, 1993, the motion of defendant for post-trial relief, is denied.