766 A.2d 342

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Raul TORRES, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 18, 2000.

Decided Feb. 21, 2001.

220

Mary E. Hanssens, John W. Packel, Philadelphia, for appellant, Raul Torres.

Catherine Marshall, Hugh J. Burns, Jr., Philadelphia, for appellee, the Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

SAYLOR, Justice.

The present appeal concerns the sufficiency of the evidence to support a conviction for simple assault where the defendant has asserted a claim of self-defense.

On March 15, 1996, at 2:20 p.m., a Philadelphia police officer responded to a radio call at 3142 North Ninth Street. When the officer arrived on the scene, the victim, James Pleasant,

emerged from the house and approached him in an agitated state, shouting, cursing, waving a fist in the air, and holding his head with his other hand. Pleasant told the officer that he had been struck on the head with a wrench and pointed to Appellant, Raul Torres, who was on the street about half a block from Pleasant's home. The officer then proceeded with Pleasant to Appellant's location. Pleasant there identified Appellant as the man who had hit him, and the officer arrested Appellant. Upon immediate investigation, the officer was unable to locate the wrench with which Pleasant alleged he was struck, and Appellant denied having such a tool in his possession that day.

Pleasant failed to appear to testify at Appellant's non-jury trial; however, the statements he made to the arresting officer on the day of the incident were deemed admissible by the trial court under the excited utterance exception to the hearsay rule. Appellant then testified in his own defense as to his version of the events. Appellant works as an automobile mechanic, and he claimed that Pleasant arrived at his house around 11:00 a.m. on the morning of the incident, shouting that he wanted his car repaired immediately. According to Appellant, when he informed Pleasant that he could not immediately begin work on his car, Pleasant punched him in the face. Appellant testified that he pushed Pleasant away from him, but that Pleasant threw another punch, and that he then punched Pleasant, causing him to fall and strike his head on some nearby steps. The parties stipulated that Pleasant had received medical treatment for a five-to-eight centimeter wound on the back of his head; that Pleasant was on parole from a state sentence of three to ten years for aggravated assault; and that Appellant had a reputation for peacefulness and honesty in the community.

The trial court, crediting Pleasant's hearsay statements, and disbelieving Appellant's testimony, found Appellant guilty of simple assault and sentenced him to two years probation and two hundred hours of community service. Appellant appealed to the Superior Court, which, in a memorandum opinion, affirmed the trial court's decision to admit the hearsay state-

ments of the alleged victim in the case after he failed to appear for trial. The appellate court also concluded that the Commonwealth had produced sufficient evidence to sustain the conviction.

Appellant presents two questions for review. Appellant first argues that the trial court erred in admitting the hearsay statements of the victim under the excited utterance exception to the hearsay rule. Second, Appellant argues that, even accepting *arguendo* the admissibility of the hearsay statements, the evidence was insufficient to support Appellant's conviction as a matter of law. We need only treat this latter issue, as it is dispositive.

 Appellant contends that the evidence was insufficient to support his conviction for simple assault because the Commonwealth failed to disprove his claim of self-defense. In reviewing a claim based upon the sufficiency of the evidence, the appellate court must view all the evidence in the light most favorable to the verdict winner, giving that party the benefit of all reasonable inferences to be drawn therefrom. *See Commonwealth v. Widmer*, 560 Pa. 308, 318, 744 A.2d 745, 751 (2000). A person commits simple assault if he "attempts to cause or intentionally, knowingly, or recklessly causes bodily injury to another." *See* 18 Pa.C.S. § 2701(a)(1). Bodily injury is the "impairment of physical condition or substantial pain." *See* 18 Pa.C.S. § 2301. In order to obtain a conviction for simple assault, the Commonwealth was required to demonstrate beyond a reasonable doubt that Appellant knowingly injured the victim. *See In re Maloney*, 431 Pa.Super. 321, 326–27, 636 A.2d 671, 673–74 (1994). Appellant's own testimony enabled the Commonwealth to establish these elements, as Appellant acknowledged that he intentionally struck the victim and that Pleasant was injured when he fell. However, Appellant, after admitting these facts, offered an affirmative defense to the charge, claiming that he performed the act in self-defense.

 The use of force against a person is justified when the actor believes that such force is immediately necessary for

the purpose of protecting himself against the use of unlawful force by the other person. *See* 18 Pa.C.S. § 505(a). When a defendant raises the issue of self-defense, the Commonwealth bears the burden to disprove such a defense beyond a reasonable doubt. *See Commonwealth v. Samuel,* 527 Pa. 298, 303, 590 A.2d 1245, 1247 (1991); *Commonwealth v. Upsher,* 497 Pa. 621, 624, 444 A.2d 90, 91 (1982). While there is no burden on a defendant to prove the claim, before the defense is properly at issue at trial, there must be some evidence, from whatever source, to justify a finding of self-defense. *See Commonwealth v. Black,* 474 Pa. 47, 53, 376 A.2d 627, 630 (1977). If there is any evidence that will support the claim, then the issue is properly before the fact finder. *See Commonwealth v. Mayfield,* 401 Pa.Super. 560, 564, 585 A.2d 1069, 1071 (1991).

■ Appellant testified that Pleasant approached him and struck him in the face, that he then pushed Pleasant away, but that Pleasant threw another punch at him. Appellant then hit Pleasant, causing him to fall. Appellant stated that he did not touch Pleasant after he fell. These facts, if believed, would establish Appellant's claim of self-defense, as it indicates Appellant used force only to protect himself from Pleasant's unlawful attack. *See* 18 Pa.C.S. § 505(a). Once this evidence was adduced, the burden was on the Commonwealth to disprove Appellant's defense beyond a reasonable doubt. *See Commonwealth v. Schaller,* 493 Pa. 426, 438, 426 A.2d 1090, 1096 (1981).

■ Drawing all reasonable inferences in favor of the verdict winner, we conclude that the Commonwealth has failed to produce sufficient evidence to disprove the claim of self-defense. The Commonwealth's case consisted of the testimony of the police officer, including his recounting of Pleasant's statements at the scene, and Pleasant's medical records. This evidence serves only to establish what Appellant concedes: an altercation occurred between Pleasant and himself. The defense's explanation of the cause of the violence remains uncontradicted, since Pleasant's statements did not address this point. Furthermore, the Commonwealth did not suggest a

motive for the Appellant's use of force, if not self-defense; nor does the physical evidence presented disprove Appellant's claim, as it is consistent with both the prosecution's and the defense's version of events.[1]

■■■ Finally, we note that the Commonwealth cannot sustain its burden of proof solely on the fact finder's disbelief of the defendant's testimony. The "disbelief of a denial does not, taken alone, afford affirmative proof that the denied fact existed so as to satisfy a proponent's burden of proving that fact." *Commonwealth v. Graham*, 528 Pa. 250, 252, 596 A.2d 1117, 1118 (1991). The trial court's statement that it did not believe Appellant's testimony is no substitute for the proof the Commonwealth was required to provide to disprove the self-defense claim. As the Commonwealth has failed to demonstrate beyond a reasonable doubt that Appellant did not act in self-defense, the evidence is insufficient as a matter of law to support the conviction.

Accordingly, the order of the Superior Court is reversed and Appellant is discharged.

NIGRO, J., files a concurring opinion.

NIGRO, Justice, concurring.

I concur in the result reached by the majority. I write separately because the trial court's verdict of guilt in this case is clearly contrary to the evidence, or more specifically, the lack thereof. I fail to see how the trial court could find Appellant guilty of simple assault when the alleged victim, who was on parole for aggravated assault, inexplicably did not appear for trial. Additionally, the police officer's observations at the scene did not establish exactly what transpired between Appellant and the alleged victim, and the parties stipulated that Appellant had a reputation in the community for peacefulness and honesty. This conviction shocks my sense of justice.

1. In addition to the absence of evidence in the record to prove that Appellant was the aggressor, there were facts before the trial court substantiating Appellant's testimony, for example, the stipulations to Appellant's reputation for peacefulness in the community, as well as to Pleasant's history of violent behavior.