J-A06003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FREDERICK D. MILLS | |
| Appellant | No. 1876 EDA 2014 |

Appeal from the Judgment of Sentence May 30, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014111-2011

BEFORE:  PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                           **FILED MAY 28, 2015**

Appellant, Frederick D. Mills, appeals from the judgment of sentence entered after a jury convicted him of murder in the third-degree and possessing an instrument of crime.  We affirm.

The charges against Mills arose out of an argument between Mills and the victim, Allen Jordan, in Love Park in Philadelphia.  Both men were frequent visitors to the park, and on the night of the crime, were sitting together on a bench drinking alcohol.  As the evening wore on, Mills and Jordan had an argument that unfortunately escalated into a physical altercation.

The fight broke up with minor injuries, and Jordan left the area.  While Jordan boasted to a nearby acquaintance that he had won the fight, Mills discovered that he had lost a ring during the fight, and searched the area.

When Jordan and his acquaintance, Sean Blakeney, returned to the scene of the fight, Mills confronted Jordan. Jordan challenged Mills, and the two engaged each other again.

This time, however, Jordan disengaged immediately after receiving a stab wound to his chest. Mills walked away from Jordan and exited the park. Blakeney assisted Jordan out of the park, when Jordan collapsed and requested to be taken to a hospital. Blakeney immediately began yelling for assistance.

Police arrived on the scene shortly thereafter. After putting out a bulletin based upon Blakeney's description of Mills, an officer performed CPR until an ambulance arrived to take Jordan to a nearby hospital. Jordan died shortly after arriving at the hospital.

Another nearby officer, after hearing the bulletin, recognized Mills and stopped him on a corner approximately two blocks from Love Park. Mills admitted to having lost a fight with Jordan. A four-inch long handle of a folding pocket knife was found in a flower pot on that corner.

At trial, Mills denied possessing a knife or stabbing Jordan. A jury convicted Mills of third degree murder and possession of an instrument of crime. The trial court subsequently sentenced Mills to a term of imprisonment of 8 to 25 years. This timely appeal followed.

On appeal, Mills raises four issues. The first two issues are challenges to the sufficiency of the evidence supporting his murder conviction. The

third issue challenges the weight of the evidence, while the fourth issue challenges the trial court's failure to grant a mistrial after the prosecutor repeatedly referred to Mills as a liar during closing arguments.

Mills's first two issues are challenges to the sufficiency of the evidence supporting his conviction for third degree murder. We review a challenge to the sufficiency of the evidence as follows.

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

> However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Slocum*, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

First, Mills asserts that the evidence at trial was insufficient to support a finding that he actually stabbed Jordan. The Commonwealth presented the testimony of Maurice Johnson, an eyewitness to the altercation between Mills and Jordan. Johnson was an acquaintance of the two men and was walking through the park when he noticed them fighting. *See* N.T., Trial, 2/24/2014, at 52-53. The fight stopped when Mills claimed he lost some jewelry and both men ceased fighting. *See id*., at 56-57. Jordan walked away, while Mills searched the area for his jewelry. *See id*., at 57.

Johnson further testified that when Jordan returned to the area of the fight, Mills pulled out a knife. *See id*., at 58. Jordan asked Mills "What now? Round two?" *Id*. The two proceeded to fight again, and Johnson watched as Mills stabbed out with the knife in his right hand. *See id*., at 59. He did not see the knife go into Jordan, but he did see "punches being landed with that knife, yes, sir." *Id*.

The jury was entitled to find this testimony credible. Thus, this testimony was sufficient to support a finding that Mills stabbed Jordan during the fight. Mills's first argument on appeal merits no relief.

Next, Mills argues that the evidence at trial was insufficient to support a finding of malice. Malice is an essential element of murder, including murder of the third-degree. *See Commonwealth v. Marquez*, 980 A.2d

145, 148 (Pa. Super. 2009). "The intent which is a prerequisite to a finding of murder is … malice." *Commonwealth v. Dale*, 836 A.2d 150, 153 (Pa. Super. 2003) (citation omitted). Malice may be found where the actor consciously disregards an unjustified and extremely high risk that the actor's conduct might cause death or serious bodily injury. *See Commonwealth v. Jackson*, 955 A.2d 441, 444 (Pa. Super. 2008). "[T]he law permits the fact finder to infer that one intends the natural and probable consequences of his acts[.]" *Id*. (citation omitted). Therefore, "[a] jury may properly infer malice from the use of a deadly weapon on a vital part of the victim's body." *Dale*, at 153 (Pa. Super. 2003) (citation omitted).

Gary Lincoln Collins, M.D. testified at trial as an expert medical witness. Dr. Collins testified that Jordan suffered a stab wound on the left side of his chest, to the inside and below his nipple. *See* N.T., Trial, 2/27/14, at 25. This wound went between his ribs and punctured Jordan's heart. *See id*. This testimony, combined with Johnson's earlier testimony, was sufficient to establish that Mills used a deadly weapon on a vital part of Jordan's body. Thus, the jury was entitled to infer malice.

Nonetheless, Mills argues that he was acting under a sudden intense passion due to Jordan's serious provocation of returning to the scene of the fight and requesting another fight. "A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious

provocation by ... the individual killed ...." 18 Pa.C.S.A. § 2503(a). "The test for [serious] provocation is whether a reasonable person confronted by the same series of events, would become impassioned to the extent that his mind would be incapable of cool reflection." *Commonwealth v. Truong*, 36 A.3d 592, 600 (Pa. Super. 2012) (citation omitted), *appeal denied*, 618 Pa. 688, 57 A.3d 70 (2012). Once a justification defense is properly raised, "the Commonwealth bears the burden to disprove such a defense beyond a reasonable doubt." *Commonwealth v. Torres*, 766 A.2d 342, 345 (Pa. 2001) (citation omitted).

While the evidence at trial was indicative of some level of provocation on the part of Jordan, the ultimate decision on whether Mills became incapable of cool reflection due to the provocation was for the jury to decide. The record adequately supports the jury's decision that Mills was acting pursuant to malice rather than provoked passion. We therefore conclude that Mills's second issue on appeal merits no relief.

Mills next argues that the verdict was against the weight of the evidence. In order to preserve a challenge to the weight of the evidence, an appellant must first raise the claim before the trial court before sentencing or in a post-sentence motion. Pa.R.Crim.P., Rule 607(a), 42 Pa.C.S.A.[1]

_____

[1] Rule 607(a) states that "[a] claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new
*(Footnote Continued Next Page)*

Instantly, the record reveals that Mills failed to file any post-sentence motions, and did not raise a weight of the evidence claim prior to sentencing. As Mills has failed to preserve his weight of the evidence claim for appeal, we are constrained to find it waived.

In his final issue on appeal, Mills contends that the trial court erred in failing to grant a mistrial after the prosecutor repeatedly labeled him a liar during closing arguments.

> It is well established that a prosecutor is permitted to vigorously argue his case so long as his comments are supported by the evidence or constitute legitimate inferences arising from that evidence.
>
>> In considering a claim of prosecutorial misconduct, our inquiry is centered on whether the defendant was deprived of a fair trial, not deprived of a perfect one. Thus, a prosecutor's remarks do not constitute reversible error unless their unavoidable effect ... [was] to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict. Further, the allegedly improper remarks must be viewed in the context of the closing argument as a whole.

*Commonwealth v. Luster*, 71 A.3d 1029, 1048 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citations omitted).

Mills supports his argument with an accurate quotation: "It is well settled that a prosecutor is not permitted to express a personal belief

_(Footnote Continued)_ ────────────────

trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion."

regarding the defendant's guilt or innocence or the veracity of the defendant or the credibility of his witnesses." **Commonwealth v. Novasak**, 606 A.2d 477, 481 (Pa. Super. 1992) (citation omitted). Mills, however, leaves out the very next sentences from **Novasak**:

> However, such comments do not constitute reversible error where the prosecutor's statements are elicited by the nature of the defense mounted and where the evidence supports the inference that the defendant and/or a defense witness has lied. Further, when assessing a claim of error of this type, the appellate court must consider whether the prosecutor made a deliberate attempt to destroy the objectivity of the factfinder or merely summarized the evidence presented at trial with the oratorical flair permitted during argument.

*Id*. Furthermore, the **Novasak** court concluded that, under the circumstances of that case, the prosecutor's statements that characterized the defendant as a liar and a thief did not constitute prosecutorial misconduct. **See id**.

We conclude that the circumstances of this case constitute a situation where the prosecutor's comments were fairly elicited by the nature of the evidence presented. Among many other instances, it is indisputable that Mills's testimony that he had never possessed a knife was clearly contradicted by Johnson's testimony that he saw Mills wielding a knife during the fight. The Commonwealth's theory of the case was that Mills was lying when he stated that he had never owned a knife. This oratorical flair during closing arguments was not likely to destroy the objectivity of the jury. We therefore conclude that Mills is due no relief on his final argument on appeal.

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/28/2015