IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 21, 2015


**STATE OF TENNESSEE v. CONNIE LAVELL TATE**

**Appeal from the Criminal Court for Knox County**
**No. 96507     Bobby R. McGee, Judge**

_____

**No. E2014-02098-CCA-R3-CD – Filed August 10, 2015**

_____


CAMILLE R. MCMULLEN, J., dissenting.

I respectfully disagree with the conclusion reached by the majority in this case. In this appeal, the majority upholds the sufficiency of the aggravated assault conviction reasoning that the jury was entitled to discredit the Defendant's version of the events. A jury is indeed entitled to believe or disbelieve whatever testimony they so choose. However, the only evidence establishing the offense was provided by the Defendant's statement, in which she claims self-defense. While the jury was free to reject this version of events, the State was not relieved of its duty to supply affirmative proof that the Defendant was the first aggressor. In my view, because the State failed to carry its burden in this regard, I would have reversed the judgment and dismissed the conviction.

The State was required to prove that the Defendant "[i]ntentionally or knowingly commit[ted] an assault . . . [which] result[ed] in serious bodily injury; . . . or involved the use or display of a deadly weapon[.]" T.C.A. § 39-13-102(a)(1)(A). The Defendant's statement enabled the State to establish these elements because the Defendant acknowledged that she intentionally stabbed the victim with the knife. She claimed, however, that she did so in self-defense after initially being attacked by the victim. At this point, the burden shifted to the State to disprove beyond a reasonable doubt that the Defendant acted in self-defense. The remaining evidence presented by the State was that the Defendant was seen previously with a knife and that the Defendant lacked any defensive wounds. This evidence, although circumstantially relevant, fails to disprove the Defendant's version of events. In other words, it does not establish beyond a reasonable doubt that the Defendant was the initial aggressor.

The jury was free to discredit all or part of the Defendant's statement; however, a jury's disbelief of testimony does not convert that testimony into affirmative proof of facts to the contrary. Bose Corp. v. Consumers Union of United States, Inc., 466 U.S.

485, 512 (1984) (noting that "[w]hen the testimony of a witness is not believed, the trier of fact may simply disregard it. . . . [, however,] the discredited testimony is not considered a sufficient basis for drawing a contrary conclusion"); see also Evans-Reid v. District of Columbia, 930 A.2d 930, 940 (D.C. 2007) ("[A] jury may not use the disbelief of a witness's testimony as exclusive proof of a fact of an opposite nature or tendency."); Com. v. Graham, 596 A.2d 1117, 1118 (Pa. 1991) ("[D]isbelief of a denial does not, taken alone, afford affirmative proof that the denied fact existed so as to satisfy a proponent's burden of proving that fact."). Moreover, in the absence of affirmative evidence contradicting a defendant's testimony, the State cannot rely on the jury's disbelief of that testimony to draw a "powerful, negative inference" of guilt sufficient to sustain a conviction. Hector v. United States, 883 A.2d 129, 133-34 (D.C. 2005); Com. v. Torres, 766 A.2d 342 (Pa. 2001).

Viewing the evidence and all reasonable inferences that may be drawn therefrom in the light most favorable to the State, I would conclude that the evidence is insufficient to sustain the conviction.

_____
CAMILLE R. MCMULLEN, JUDGE