J-S13021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FATEEN GROCE | |
| Appellant | No. 894 EDA 2016 |

Appeal from the Judgment of Sentence March 7, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002881-2015

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 11, 2017**

Fateen Groce appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following his conviction of simple assault.[1]  Upon review, we affirm.

Groce was charged based upon his alleged involvement in an altercation at 1800 Madison Street, Philadelphia.  Officer Ken Fazio testified that he saw Groce kicking and stomping on another man's chest.  N.T. Non-Jury Trial, 12/18/15, at 10.  Officer Fazio had not observed what preceded the kicking nor did he identify the victim.  However, a radio call he received had reported that a person was screaming and that two people wearing

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2701(a).

white hoodies were involved in an altercation. Officer Fazio testified that Groce and the victim were both wearing white hoodies.[2] Thereafter, Officer Fazio arrested Groce for assault. Groce was convicted of simple assault following a non-jury trial on December 18, 2015, and sentenced to five to ten months' incarceration and one year of probation on March 7, 2016. This timely appeal followed.[3]

_____

[2] Defense counsel argued that a third person was involved in the altercation, asserting that two men in white hoodies were attacking the third person. **See** N.T. Non-Jury Trial, 12/18/15, at 47. However, this assertion was not supported by Officer Fazio's testimony that only two men were involved. **See id.** at 10.

[3] In this matter, as in **Commonwealth v. Hood**, 872 A.2d 175 (Pa. Super. 2005),

> the trial judge did not provide us with a 1925(a) opinion or direct us to the places in the record where he states the reasons for his decisions. Ordinarily, the remedy for non-compliance with the Pa.R.A.P. 1925(a) is a remand to the trial court with directions that an opinion be prepared and returned to the appellate court. Although we do not approve or sanction the trial court's failure to comply with Rule 1925(a), our review of the record, in particular, the notes of testimony from . . . the trial transcript, adequately apprise[s] us of the trial court's reasoning in relation to the [] issues raised herein. Therefore, we decline to delay this case further by remanding for the preparation of a [Rule] 1925(a) opinion.

**Id**. at 178 (citations omitted). Here, the trial judge is no longer on the bench; however, the court's reasoning in deciding the issue raised on appeal can be apprised from the record and the notes of testimony. Accordingly, we proceed to review Groce's claim on the merits. **Id.**

On appeal, Groce raises the following question for our review: "Was not the evidence insufficient to convict [Groce] of simple assault where there was a claim of self-defense inherent in the facts of the case and the Commonwealth failed to disprove beyond a reasonable doubt, that [Groce] acted in self-defense?" Brief for Appellant, at 3.

In considering sufficiency of the evidence claims,

> we must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. . . . Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail. Of course, the evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part or none of the evidence presented.

***Commonwealth v. Watley***, 81 A.3d 108, 113 (Pa. Super. 2013) (en banc). The Commonwealth can satisfy its burden via wholly circumstantial evidence. ***Id.***

Groce argues that because the arresting "officer had not witnessed the genesis of the incident," an "inherent self-defense claim" is presented by the facts of this matter. Brief for Appellant, at 7. Groce argues that the burden shifted to the Commonwealth to disprove his self-defense argument beyond a reasonable doubt because "[t]he only evidence as to the initial aggressor came from the officer who happened upon the incident after it had already begun." ***Id.***

The elements that the Commonwealth must prove in order to convict a person of simple assault include that (1) he or she causes bodily injury to another, (2) with the requisite state of mind, which can be recklessly, knowingly, or intentionally. *See* 18 Pa.C.S. § 2701. Bodily injury is the "impairment of physical condition or substantial pain." *See* 18 Pa.C.S. § 2301.

As to self-defense,

> [t]he use of force against a person is justified when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person. *See* 18 Pa.C.S. § 505(a). When a defendant raises the issue of self-defense, the Commonwealth bears the burden to disprove such a defense beyond a reasonable doubt. While there is no burden on a defendant to prove the claim, before the defense is properly at issue at trial, there must be some evidence, from whatever source, to justify a finding of self-defense. If there is any evidence that will support the claim, then the issue is properly before the fact finder.

*Commonwealth v. Torres*, 766 A.2d 342, 345 (Pa. 2001) (citations omitted).

No evidence was presented in this matter to justify a finding of self-defense. Instead, the testimony of Officer Fazio indicated that Groce repeatedly kicked and stomped on the victim, who was on the ground. This clearly satisfies the definition of simple assault. *See* 18 Pa.C.S. § 2701. At that point, even had there been a need for self-defense earlier in the altercation, Groce was clearly no longer in danger. Thus, his physical treatment of the victim had moved beyond acting in self-defense into

assaultive behavior, since force was no longer "**immediately necessary** for the purpose of protecting himself against the use of unlawful force[.]"  18 Pa.C.S. § 505 (emphasis added).  Accordingly, we find that without evidence to support the claim of self-defense, the Commonwealth was not required to disprove the defense.  *Torres*, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2017