J-S61024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRACY GREEN | : | |
| | : | |
| Appellant | : | No. 2873 EDA 2017 |

Appeal from the Judgment of Sentence August 18, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008562-2016

BEFORE:  BOWES, J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:               **FILED DECEMBER 20, 2019**

Appellant, Tracy Green, appeals from the judgment of sentence entered on August 18, 2017, following his bench trial convictions for aggravated assault, simple assault, possession of an instrument of crime, and recklessly endangering another person.[1]  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  This case involves a domestic dispute between Appellant and his sister while cleaning out their recently deceased mother's home in September 2016.  Appellant struck his sister multiple times in the face with his fists.  The victim slipped and fell to the floor.  Using their mother's cane, Appellant then struck the victim twice in the face when the cane broke.  Appellant attempted

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702, 2701, 907, and 2705, respectively.

to stomp on the victim's head with his feet, but his pregnant niece intervened. When the victim tried to leave the residence, a thrown knife may have grazed her left arm.  Police were called.  The victim went to the hospital where she was treated for a forehead injury, bumps to her cheek and head, an injured finger, and bruises to her back and elbow.  Police confirmed the victim's injuries, took the victim's statement, and filed a report.

On May 26, 2017, Appellant waived his right to a jury trial and proceeded to a bench trial.  After hearing testimony, the trial court found Appellant guilty of the aforementioned charges.  On August 18, 2017, Appellant was sentenced to an aggregate term of 11 ½ to 23 months of incarceration, with a consecutive term of five months of probation.  This timely appeal resulted.[2]

On appeal, Appellant presents the following issue[3] for our review:

_____

[2]  Appellant filed a notice of appeal on September 5, 2017.  The trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement") pursuant to Pa.R.A.P. 1925(b).  Appellant complied timely after requesting and receiving an extension to obtain the notes of testimony from trial.  The trial court subsequently issued an opinion pursuant to Pa.R.A.P. 1925(a) on March 11, 2019.

[3]  In his concise statement, Appellant also challenged the sufficiency of the evidence to support each of his four convictions.  However, he has abandoned those issues on appeal and we find them waived.  ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1218 (Pa. Super. 2011) (issues raised in Pa.R.A.P. 1925 concise statement that are not developed in appellate brief are abandoned); ***see also Commonwealth v. Woodward***, 129 A.3d 480, 509 (Pa. 2015) (holding that "where an appellate brief fails to … develop an issue in any [] meaningful fashion capable of review, that claim is waived.").

Did not the [trial] court improperly shift the burden of proof onto [Appellant], where the [trial] court found [Appellant] guilty[,] despite inconsistencies in the witness testimony against him[,] simply because the court disbelieved [Appellant's] own testimony?

Appellant's Brief at 3.

Appellant claims that the trial court improperly shifted the burden of proof to him and found him guilty simply because it disbelieved his testimony at trial. *Id.* at 9. Appellant argues that a trial court cannot convict a defendant solely upon its disbelief of his testimony. *Id.* at 10, *citing* ***Commonwealth v. Torres***, 766 A.2d 342, 345 (Pa. 2001). Appellant points to alleged inconsistencies between the victim's trial testimony, her previous statements to police, and her preliminary hearing testimony. *Id.* at 10. He posits that while the victim testified at trial that Appellant struck her twice with a cane, she told police he struck her three or four times. *Id.* Moreover, Appellant claims that the victim neither told police nor testified at the preliminary hearing that a knife struck her arm during the incident, but nevertheless she testified at trial that a knife struck her. *Id.* Appellant suggests that prior to announcing the verdict, the trial court's statement to him, "You were better off before you opened your mouth," indicates that the trial court was "induced to render a different verdict solely because of its disbelief [of Appellant's] testimony, then perforce the court took [Appellant's] denial as substantive proof of his guilt." *Id.* at 11-12. Appellant maintains that "[a] criminal trial is not a contest between two witnesses to determine which is **more** credible; a verdict must be supported by the credibility of the

Commonwealth's evidence irrespective of how credible or incredible the defense's evidence might be." *Id.* at 12 (emphasis in original).

An appellate court "must determine whether the evidence admitted at trial and all reasonable inferences derived therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner, supports the jury's finding that every element of the offense was proven beyond a reasonable doubt." *Commonwealth v. Ramtahal*, 33 A.3d 602, 607 (Pa. 2011) (citation omitted). Our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Patterson*, 91 A.3d 55, 66 (Pa. 2014) (citation omitted). "The Commonwealth cannot sustain its burden of proof **solely** on the [factfinder's] disbelief of [a defendant's] testimony." *Commonwealth v. Graham*, 596 A.2d 1117, 1118 (Pa. 1991) (emphasis added). "It has been long accepted that the disbelief of a denial does not, **taken alone**, afford affirmative proof that the denied fact existed so as to satisfy a proponent's burden of proving that fact." *Id.* (emphasis added; citation omitted). However, "[a] mere conflict in the testimony of the witnesses does not render [] evidence insufficient because it is within the province of the factfinder to determine the weight to be given to the testimony and to believe all, part, or none of the evidence." *Commonwealth v. Rabold*, 920 A.2d 857, 859 (Pa. Super. 2007) (citation omitted). Finally, "[w]e may not weigh the evidence and substitute our judgment for the fact-finder." *Id.* (citation omitted).

Here, the trial court determined:

> Although [the trial court] understands Appellant was going through a rough time in life it does not excuse the behavior Appellant exhibited in an emotionally charged rage toward [the victim]. After listening to testimony and reviewing all evidence presented at trial, [the trial court] found the [victim] more credible, therefore, the allegations that [the trial court] found Appellant guilty simply because [it] did not believe Appellant's testimony [was] unfounded. Appellant stated during testimony [that] he never touched [the victim]. However, medical records and photographs indicate [the victim] had blunt force trauma to the head. Since [the trial court] found [the victim's] testimony credible the Commonwealth established [its] burden of proof and [the burden] was not shifted to Appellant[,] who was found guilty of [the aforementioned crimes].

Trial Court Opinion, 3/11/2019, at 8.

Upon review of the certified record, we agree with the trial court's assessment. At trial, the victim testified that Appellant used his fists to punch her on the right side of her face. N.T., 5/26/2017, at 16. She testified that she slipped and fell and Appellant struck her twice in the head with their mother's cane. *Id.* at 16-17. The Commonwealth entered the victim's medical records and photographs of her injuries into the record at trial and she testified regarding the extent of those injuries. *Id.* at 21-27. Police interviewed the victim, she also gave them a written statement, and the police subsequently filed a report. *Id.* at 34-43. The parties stipulated to entering the police report into evidence. *Id.* at 43-44. The report indicates that the victim had "a visible bump and laceration" on her forehead. *Id.* at 55. The responding police officer testified that he "saw the lump on her forehead with [] broken skin." *Id.* at 62. The responding officer further testified that he did not recall any bruises or injuries to Appellant. *Id.*

In contrast, Appellant testified that the victim was the aggressor, threw a book bag at him, and grabbed him around the waist. *Id.* at 47. Appellant testified that his niece then began striking him with his mother's cane. *Id.* at 47-48. Appellant testified that his niece hit him with the cane seven or eight times. *Id.* at 55. He stated that he was able to usher the victim and his niece outside and lock the door. *Id.* at 48. Appellant denied hurting anyone and claimed he never had a chance to obtain the cane. *Id.* at 49-50. When confronted with photographs of the victim's injuries taken immediately after the incident, Appellant claimed that, "[s]he made that up." *Id.* at 58. Appellant's contrary trial testimony was a matter for the factfinder to assess. Although Appellant's testimony tended to contradict that offered by the victim, the trial court, serving as factfinder, was not obligated to credit Appellant's version of events over that offered by the victim.

Based on the foregoing, we reject Appellant's suggestion that the trial court's decision was based solely upon its disbelief of Appellant. Most importantly, the Commonwealth presented the testimony of the victim at trial. Because Appellant and the victim presented diametrically opposed versions of the incident, the trial court was called upon to determine the credibility of the witnesses and was free to believe all, part, or none of the evidence. We may not reweigh that evidence. Moreover, in addition to the victim's testimony, the Commonwealth presented other evidence at trial to support the verdicts. Appellant fails to acknowledge that the Commonwealth presented corroborating evidence that supported the victim's version of events, including

her medical records, photographs of her injuries, and the testimony of the responding officer whose observations confirmed those injuries. Accordingly, the trial court did rely solely upon its disbelief of Appellant or impermissibly shift the burden of proof to him. As such, Appellant's sole appellate issue fails.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/20/19