J-A01033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE INTEREST OF: R.E.M., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: R.E.M., A MINOR | No. 3353 EDA 2014 |

Appeal from the Dispositional Order October 30, 2014
In the Court of Common Pleas of Monroe County
Juvenile Division at No(s): CP-45-JV-0000207-2014

BEFORE: LAZARUS, J., OTT, J., and STEVENS, P.J.E.*

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 12, 2016**

R.E.M. appeals from the dispositional order entered in the Court of Common Pleas of Monroe County after he was adjudicated delinquent of simple assault[1] in the Court of Common Pleas of Pike County.[2] Upon careful review, we affirm.

On May 6, 2014, R.E.M., a student at East Stroudsburg High School North, had taken his seat in the school library when a fellow student, J.M., sat down in the same chair. Melissa D'Alessio, a Spanish teacher at the school, asked J.M. to move. R.E.M. then told J.M. to "Get the 'f' out of my

_____

[1] 18 Pa.C.S.A. § 2701(a)(1).

[2] While the incident at issue in this matter occurred in Pike County, the juvenile is a resident of Monroe County. Accordingly, pursuant to Pa.R.J.C.P. 302, the Court of Common Pleas of Pike County held an adjudicatory hearing and ruled on the offenses and transferred the matter to Monroe County for final disposition.

*Former Justice specially assigned to the Superior Court.

face" and shoved J.M., causing him to fly over the chair he had been sitting on and hit his head on another nearby chair. N.T. Motion Hearing, 8/20/14, at 6. J.M. stood up and returned to where R.E.M. was standing, after which the two students exchanged blows. The incident concluded when R.E.M. again knocked J.M. to the floor with a blow to the face and another faculty member intervened. J.M. suffered a broken nose and injuries to the back of his head, ears, throat, and face. Doctors had to re-break J.M.'s nose in order to properly align it with his teeth.

On September 3, 2014, a formal adjudication hearing was conducted after which the Honorable Joseph F. Kameen, P.J., found sufficient evidence to adjudicate R.E.M. delinquent of simple assault. Judge Kameen transferred the case to Monroe County, R.E.M.'s county of residence. A disposition hearing was conducted on October 30, 2014, in which the court imposed a term of probationary supervision.

This timely appeal followed, in which R.E.M. raises the following issues for our review:

> 1. Whether appellant, R.E.M., III is entitled to a new Adjudication Hearing where the court erroneously denied the appellant the right in defense of his charges to introduce character testimony from a character witness that would have raised a reasonable doubt that the appellant committed the alleged crimes?
>
> 2. Whether appellant, R.E.M., III is entitled to a new Adjudication Hearing where the evidence was insufficient to disprove the appellant's self-defense case?

Brief of Appellant, at 3.

- 2 -

R.E.M. first asserts that the juvenile court erred by failing to allow him to introduce character evidence, which R.E.M. claims would have raised a reasonable doubt as to whether he committed the delinquent acts alleged. Specifically, R.E.M. sought to introduce the testimony of Charles Daley, whose relationship to R.E.M. is not detailed in the record. R.E.M.'s proffer indicated that Daley would testifiy to R.E.M.'s "character;" the court concluded that character was not relevant to the offense charged, i.e. a "mutual fight," and sustained the Commonwealth's objection.

As a general rule, evidence of a person's character may not be admitted to show that individual acted in conformity with that character on a particular occasion. Pa.R.E. 404(a). However, Pennsylvania Rule of Evidence 404(a)(1) provides an exception allowing a criminal defendant to offer evidence of his character traits which are pertinent to the crimes charged and allows the Commonwealth to rebut the same. Pa.R.E. 404(a)(1). This Court has previously explained:

> It has long been the law in Pennsylvania that an individual on trial for an offense against the criminal law is permitted to introduce evidence of his good reputation in any respect which has "proper relation to the subject matter" of the charge at issue. Such evidence has been allowed on a theory that general reputation reflects the character of the individual and a defendant in a criminal case is permitted to prove his good character in order to negate his participation in the offense charged. The rationale for the admission of character testimony is that an accused may not be able to produce any other evidence to exculpate himself from the charge he faces except his own oath and evidence of good character. It is clearly established that evidence of good character is to be regarded as evidence of substantive fact just as any other evidence tending

to establish innocence and may be considered by the jury in connection with all of the evidence presented in the case on the general issue of guilt or innocence. Evidence of good character is substantive and positive evidence, not a mere make weight to be considered in a doubtful case, and, . . . is an independent factor which may of itself engender reasonable doubt or produce a conclusion of innocence. Evidence of good character offered by a defendant in a criminal prosecution must be limited to his general reputation for the particular trait or traits of character involved in the commission of the crime charged. The cross-examination of such witnesses by the Commonwealth must be limited to the same traits. Such evidence must relate to a period at or about the time the offense was committed, and must be established by testimony of witnesses as to the community opinion of the individual in question, not through specific acts or mere rumor.

*Commonwealth v. Johnson*, 27 A.3d 244, 247-48 (Pa. Super. 2011), quoting *Commonwealth v. Luther*, 463 A.2d 1073, 1077–78 (Pa. Super. 1983) (citations omitted).

Here, R.E.M. did not make an offer of proof that Daley would testify as to a character trait pertinent to his simple assault charge. Rather, the record reflects that Daley was merely going to testify generally regarding R.E.M.'s "character" to "cast some doubt, some reasonable doubt, on [R.E.M.'s] character."[3] N.T. Adjudicatory Hearing, 9/3/16, at 41. Accordingly, the juvenile court properly excluded the testimony as proffered by R.E.M. *See* Pa.R.E. 404(a)(1); *Johnson*, *supra*.

_____

[3] It appears that counsel misspoke when making his offer of proof and likely intended to say that the proffered testimony would cast doubt on whether R.E.M. could or would have committed the acts alleged.

Next, R.E.M. asserts that the Commonwealth failed to demonstrate beyond a reasonable doubt that R.E.M. did not act in self-defense and therefore the evidence was insufficient to support an adjudication of simple assault. We disagree.

We begin by noting that, in reviewing a claim based upon the sufficiency of the evidence, an appellate court must view all the evidence in the light most favorable to the verdict winner, giving that party the benefit of all reasonable inferences to be drawn therefrom. **See Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000).

R.E.M. was adjudicated delinquent of simple assault, which is defined, in pertinent part, as follows:

**§ 2701. Simple assault.**

(a) Offense defined. – Except as provided under section 2702 (relating to aggravated assault), a person if guilty of assault if:

(1) attempts to cause or intentionally, knowingly, or recklessly causes bodily injury to another

. . .

(b) Grading. - Simple assault is a misdemeanor of the second degree unless committed:

(1) in a fight or scuffle entered into my mutual consent, in which case it is a misdemeanor of the third degree.

18 Pa.C.S.A. § 2701(a)(1) and (b)(1).

Self-defense is defined, in pertinent part, as follows:

**§ 505. Use of force in self-protection.**

(a) Use of force justifiable for protection of the person. — The use of force upon or toward another person is justifiable when

- 5 -

the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.

18 Pa.C.S.A. 505(a). The Commonwealth bears the burden to disprove such a defense beyond a reasonable doubt. *Commonwealth v. Torres*, 766 A.2d 342, 345 (Pa. 2001) (citation omitted).

Finally, unlawful force is defined as:

**§ 501. Definitions.**

"Unlawful force." — Force, including confinement, which is employed without the consent of the person against whom it is directed and the employment of which constitutes an offense or actionable tort or would constitute such offense or tort except for a defense (such as the absence of intent, negligence, or mental capacity; duress; youth; or diplomatic status) not amounting to a privilege to use the force. Assent constitutes consent, within the meaning of this section, whether or not it otherwise is legally effective, except assent to the infliction of death or serious bodily injury.

18 Pa.C.S. § 501.

In cases involving battery, force may be met with force so long as it is only enough force to repel the attack. *Commonwealth v. Witherspoon*, 730 A.2d 496, 499 (Pa. Super. 1999).

Here, the testimony of Melissa D'Alessio and the video evidence demonstrated that J.M. did not exert unlawful force such as would warrant the use of force by R.E.M. in self-defense. While R.E.M. argues that J.M.'s act of sitting next to him on the chair provoked the fight, the fact remains that J.M. did not initiate the use of force against R.E.M. Indeed, R.E.M.'s

own testimony indicated that he shoved J.M. first.[4]  Finally, R.E.M.'s reliance upon ***Torres***, ***supra***, is misplaced because, in ***Torres***, the defendant was struck twice by the victim before knocking him to the ground.  Nothing in the record indicates that R.E.M. was struck first or felt immediately threatened that J.M. would strike first.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/12/2016

---

[4] Under cross-examination by the Commonweath, R.E.M. testified as follows:

> Q:  And you'll agree with me that the video shows that you shoved [J.M.] first?

> A:  Yes.

N.T. Adjudicatory Hearing, 9/3/14, at 50.