380 A.2d 494

**COMMONWEALTH of Pennsylvania**

v.

**William GALLO, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 10, 1976.
Decided Dec. 2, 1977.

Angelo C. Procopio, Pittsburgh, for appellant.

Robert N. Isacke, Jr., Assistant District Attorney, with him Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

After a non-jury trial, appellant, William Gallo, was found guilty of theft by deception.[1] Appellant's timely post-verdict motions were denied, and he was sentenced to a one year term of probation and fined $2,500 plus court costs. Appellant now contends that the evidence adduced at trial was insufficient to sustain his conviction. We are constrained to agree.

As owner and sole employee of "National Builders Publications," appellant was engaged in the business of producing advertising brochures for home building contractors. In July of 1974, appellant entered into a written contract with a building contractor to produce such a brochure. Although appellant received payment for the work he was to perform, he did not deliver the completed brochures until late in August of 1975, approximately three weeks after the present criminal charges were filed against him. Appellant's conviction resulted from his alleged criminal intent not to perform his part of the contract. Substantially similar conduct caused appellant to be convicted of theft by deception on July 2, 1974, in Crawford County.[2] Although appellant's July 2nd conviction was affirmed by a majority of this court, *Commonwealth v. Gallo*, 236 Pa.Super. 557, 345 A.2d 747 (1975), the Pennsylvania Supreme Court reversed the judgment of sentence after finding that the record evidenced only appellant's failure to perform his promise, which is, by itself, insufficient under 18 Pa.C.S. § 3922(a)(1) to prove intent to deceive. *Commonwealth v. Gallo*, 473 Pa. 186, 373 A.2d 1109 (1977). The evidence supporting the instant conviction is similarly deficient. Thus, for the same reasons stated by the supreme court in *Commonwealth v.*

1. 18 Pa.C.S. § 3922.

2. In its brief before this court, the Commonwealth concedes that ". . . the events which unfolded in this case very closely paralleled appellant's conduct in the prior criminal proceeding."

*Gallo, supra,* we reverse the judgment of sentence and discharge appellant.

VAN der VOORT, J., concurs in the result.