405 A.2d 500

**COMMONWEALTH of Pennsylvania**

v.

**George LAYAOU, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1979.

Decided May 25, 1979.

Patrick J. Flannery, Assistant Public Defender, Wilkes-Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before PRICE, SPAETH and WATKINS, JJ.

SPAETH, Judge:

Appellant was tried by a judge sitting without a jury and was convicted of theft by deception. Post-verdict motions were denied and appellant was sentenced to two years probation and ordered to pay restitution and costs. The issue on this appeal is whether evidence was sufficient to sustain the conviction.

Viewed in the light most favorable to the Commonwealth as the verdict winner, *see Commonwealth v. Burton*, 450 Pa. 532, 301 A.2d 599 (1973), the evidence was as follows: On May 5, 1975, Dorothy and Leo Wincek entered into a written contract with appellant, trading as Overbrook Construction Co., under which appellant agreed for the sum of $3322 to build an addition to the rear of the Wincek residence. An initial payment of $1,017 was made to appellant. He purchased some materials and had his workers dig and put in a footer and put up a floor on stilts. No foundation was laid, and after the floor was put up, appellant did not return to

complete the work. The expenses he incurred for the work that he did complete amounted to $337. The Winceks repeatedly called appellant to ask him to complete the work, but he never returned their calls. The Winceks finally hired another contractor who completed the work at an additional cost.

In deciding a sufficiency of evidence claim we view the evidence and all the reasonable inferences arising from it in the light most favorable to the Commonwealth and then ask whether it was sufficient to prove beyond a reasonable doubt that the defendant is guilty of the crimes of which he has been convicted. *See Commonwealth v. Steward*, 263 Pa.Super. 191, 198–200, 397 A.2d 812, 815–16 (1979). Even when viewed in accordance with this principle, it is clear that the evidence in this case was not sufficient to sustain the conviction.

Theft by deception is defined in pertinent part as follows:

(a) Offense defined.—A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; *but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise* ; 18 Pa.C.S. § 3922 (emphasis added).

Thus in order to sustain a conviction, the Commonwealth was required to prove beyond a reasonable doubt that when appellant received the initial payment from the Winceks, he did not intend to perform his part of the contract. *See Commonwealth v. Gallo*, 473 Pa. 186, 373 A.2d 1109 (1977).

While it is true that appellant did not perform under the contract, this evidence alone was not sufficient to prove that he never intended to perform. Moreover, the evidence that appellant sent his workers along with some equipment and material, and had them dig and put in a footer and put up the floor at a cost of $337, does not support a finding that

appellant never intended to perform; if anything, it more strongly supports a finding that appellant intended to perform originally but for some reason later abandoned the job.

While apparently admitting that the evidence of appellant's actions up to the time he first abandoned the job was not sufficient to show more than mere non-performance, the lower court nevertheless held the evidence sufficient because of appellant's later actions of refusing to return the Winceks' calls and of failing to complete the job after he apparently had promised to do so in front of the district magistrate at his preliminary hearing. This analysis is not persuasive.[1] *See Commonwealth v. Gallo, supra* (failure to answer complainant's telephone calls "shows nothing"). Appellant's actions were not the kind made criminal by section 3922. The Winceks' claims against him are more appropriately resolved in a civil action.

Reversed.

---

1. The lower court cited this court's decision in the first *Gallo* case in support of its decision in this case. *See Commonwealth v. Gallo*, 236 Pa.Super. 557, 345 A.2d 747 (1975). However, the Supreme Court reversed that decision. *See Commonwealth v. Gallo*, 473 Pa. 186, 373 A.2d 1109 (1977), *rev'g*, 236 Pa.Super. 557, 345 A.2d 747 (1975).