431 A.2d 280

**COMMONWEALTH of Pennsylvania**

**v.**

**Richard M. DAUBNER, Appellant.**

Superior Court of Pennsylvania.

Argued April 14, 1980.

Filed Feb. 13, 1981.

Reargument Denied July 14, 1981.

48

J. Patrick Walsh, Butler, for appellant.

Robert F. Hawk, Assistant District Attorney, Butler, submitted a brief on behalf of Commonwealth, appellee.

Before PRICE, BROSKY and MONTGOMERY, JJ.

BROSKY, Judge:

Appellant contends that the evidence is insufficient to sustain conviction for theft by deception. We agree with appellant. The decision of the lower court is reversed.

The offense of theft by deception is defined in 18 Pa.C. S.A. § 3922:

(a) Offense defined.—A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;

(2) prevents another from acquiring information which would affect his judgment of a transaction; or

(3) fails to correct a false impression which the deceiver previously created or reinforced, or which the the deceived knows to be influencing another to whom he stands in fiduciary or confidential relationship.

(b) Exception.—The term "deceive" does not, however, include falsity as to matters having no pecuniary significance, or puffing by statements unlikely to deceive ordinary persons in the group addressed.

1972, December 6, P.L. 1482, No. 334, § 1, effective June 6, 1973.

Following a jury trial, appellant was found guilty of theft by deception. The Honorable John C. Dillon denied appellant's post-verdict motions and sentenced him to (1) pay the costs of prosecution; (2) pay a fine of One Thousand Dollars; (3) make restitution to the Clerk of Courts for the use of his employer, Montgomery Ward, in the sum of Five Hundred Fifty-Nine Dollars and One Cent ($559.01); (4) defendant-appellant is placed on county probation for a period of two years. "In the event the fine and restitution is not paid by four p. m. this afternoon, the alternative sentence under the Criminal Code is you are to undergo imprisonment for six months."

Appellant raised on appeal that trial court erred in not sustaining the demurrer by defense counsel at the close of the Commonwealth's case (N.T. 80) that the evidence presented by the Commonwealth was insufficient to prove

beyond a reasonable doubt that the defendant on two separate occasions committed the crime of theft by deception. Act of December 6, 1972, P.L. No. 334, § 1; 18 Pa.C.S.A. § 3922, supra.

A brief narration of the events leading to these charges is as follows.

Richard M. Daubner, appellant, was employed at the Butler branch of Montgomery Ward and Company, Inc., as the manager of the carpet department. The scope of his duties as manager included coordinating the entire department, including initiating refunds when they were brought to his attention (R1–3).

It is his performance of this duty which we are asked to consider.

From July 31, 1978 through August 3, 1978, Paul M. Kane, a senior field investigator for Montgomery Ward, conducted an inspection of refunds from the carpeting department. Of the hundred or more refund vouchers prepared by appellant (N.T. 39) during the period of January, 1978 through July 31, 1978, it was discovered, by contacting those people named on them, that two, Mr. Donald Sankey and Mrs. Joseph Blizman, had not in fact received refunds.

In the Sankey transaction, Mr. Daubner, appellant, prepared a refund voucher in the name of Donald Sankey on July 1, 1978; and on the same date, the refund voucher was presented to the cashier's office and $304.95 was paid out (N.T. 13). Donald Sankey testified (N.T. 48) he did not sign Commonwealth's Exhibit 4a. He did not get any money back from Montgomery Ward (T.T. 54). There was no testimony by a·Commonwealth witness that $304.95 was paid to appellant. Irene Campbell, head cashier, and a witness for the Commonwealth (N.T. 62) testified she has no way of telling who paid the money out (T.T. 74).

In the Blizman transaction (N.T. 17), the original sale was April 3, 1978. The refund form was prepared by Mr. Daubner on May 15, 1978 (N.T. 18). Mrs. Blizman purchased 32 square yards of linoleum valued at $239.68 (N.T. 18). Mrs.

Blizman never received a refund of $239.68 (N.T.58). She never had any contact with Mr. Daubner (N.T. 60). There was no testimony by a Commonwealth witness that the $239.68 was paid to appellant.

Mr. Kane, investigator for Montgomery Ward, testified normally a store may not be following company policy as to how it keeps its accounts (N.T. 26).

This court is presented with the question as to whether the evidence presented by the Commonwealth at trial is sufficient to conclude beyond a reasonable doubt that the appellant, Richard M. Daubner, is guilty of two counts of theft by deception, which charges arose from the fact that he initiated two refunds in his capacity as manager of the carpeting department at the Butler branch of the Montgomery Ward and Company, Inc., store, which refunds were completed and which were shown at trial not to have been received by those whose names were affixed to the refund vouchers. No evidence was offered by the Commonwealth that the refunds were obtained directly or indirectly by appellant.

The Commonwealth's contention is that appellant prepared the refund vouchers with the intent to deceive his employer.

The appellant's contention is that the evidence fails to show that the preparation of the refund vouchers established intent to deceive his employer.

While we respect the judgment of the jury in most cases, here there is no chain of evidence from which a jury can reasonably and justifiably conclude that the appellant created a false assertion with an intent to deceive his employer and that appellant obtained the money as a result thereof. Several people are involved in the procedure from the time a refund voucher initiated until the point at which the case payment was finally made.

"We initially note that we must regard the evidence in the light most favorable to the Commonwealth, giving it the benefit of all reasonable inferences, in deciding whether the

Commonwealth showed a fraudulent conversion." *Commonwealth v. Feldman*, 243 Pa.Super. 408, 365 A.2d 1289 (1976). (Citations omitted.)

■ We have reviewed the evidence in that light, but we must conclude that it was not sufficient.

■ The statute requires the Commonwealth to prove that the defendant-appellant obtained or withheld property of another by deception. *Commonwealth v. Salvadore*, 68 Sch. L.R. 175 (1972). The statute then defines deception in terms of three alternative kinds of intentional conduct. However, nothing in the statute refers to an objective standard for evaluating deception. *Commonwealth v. Gallo*, 473 Pa. 186, 373 A.2d 1109 (1977).

The Commonwealth's argument hinges on the inferences arising from a refund voucher prepared by appellant for Mr. Donald Sankey. (Commonwealth Exhibit 4a). Appellant admits he prepared this voucher (N.T. 56). The jury is asked to guess that since appellant prepared these two refund exhibits (4a and 5a), he received the two refunds in question. The Commonwealth presented no evidence on these points. There was no testimony as to who actually presented the voucher for payment, who at the cash window made the payment, and to whom was the money paid. No records were kept by the department of the cash refund (R. 34) to shed light on these matters.

The problem with these gaps in the Commonwealth's evidence is that there is no chain of evidence by which the jury can reasonably conclude that appellant intentionally prepared the refund voucher and, in so doing, obtain Montgomery Ward property through deceptive conduct. There was no showing that appellant even obtained benefits of the refunds for himself or anyone else. *Commonwealth v. Peterosky*, 194 Pa.Super. 94, 166 A.2d 682 (1960); *Commonwealth v. Prep*, 186 Pa.Super. 442, 142 A.2d 460 (1958).

Consequently, the decision of the lower court is reversed and the judgment of sentence vacated.

PRICE, J., dissents.