J-S31010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MICHAEL CIOPPA | |
| Appellant | No. 958 WDA 2016 |

Appeal from the Judgment of Sentence May 12, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001617-2015

BEFORE:  PANELLA, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 27, 2017**

Appellant, Michael Cioppa, appeals from the judgment of sentence entered on May 12, 2016, in the Court of Common Pleas of Allegheny County. Cioppa, the owner of Cioppa Asphalt & Seal Coating, appeals his convictions for theft by deception and home improvement fraud, stemming from his failure to resurface a residential driveway—a driveway he left "subpar and look[ing] horrible." We affirm.

This case proceeded to a bench trial where the parties agreed that they would simply enter into evidence, in lieu of testimony, the affidavit of probable cause attached to the criminal complaint. The affidavit of probable cause establishes the following. Christina Bougher hired Cioppa's company to resurface her driveway. On October 17, 2014, she paid Cioppa a down payment of $600. Work began the next day. That day, Cioppa's cousin, and

his employee, Victor Cioppa, requested an additional $350 for supplies and equipment, which Bougher paid. After that day, neither Cioppa nor his cousin ever returned to the jobsite, leaving the job unfinished. The work done was "subpar and looked horrible." Affidavit of Probable Cause, dated 11/12/14. Bougher attempted to contact Cioppa "multiple times," but to no avail. *Id*. She had to hire another company "to remove the subpar work" Cioppa left behind. *Id*. And she went to the police to report Cioppa.

The trial court convicted Cioppa of theft by deception, 18 Pa.C.S.A. § 3922(a)(1), and home improvement fraud, 73 P.S. § 517.8(a)(2), and later imposed a period of incarceration of six to twelve months, from which he was immediately paroled. The trial court also imposed restitution.

On appeal, Cioppa first argues that the Commonwealth presented insufficient evidence to sustain the convictions. We disagree.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. **See Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial

evidence." ***Commonwealth v. Bruce***, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." ***Id***. (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. ***See id***. "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." ***Commonwealth v. Kinney***, 863 A.2d 581, 584 (Pa. Super. 2004). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Bruce***, 916 A.2d at 661 (citation omitted).

"A person is guilty of theft if he intentionally obtains or withholds property of another by deception. … A person deceives if he intentionally: creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind[.]" 18 Pa.C.S.A. § 3922(a)(1). To sustain a conviction for theft by deception "it must be because appellant never intended to perform his part of the contract…." ***Commonwealth v. Gallo***, 373 A.2d 1109, 1111 (Pa. 1977). This is because the subsection provides that "deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise[.]" 18 Pa.C.S.A. § 3922(a)(1).

Cioppa argues that the Commonwealth presented no evidence of intent except the failure to perform. He analogizes this case to cases where we found no evidence that the defendant never intended to perform his part of the contract, instead finding that the defendant simply failed to perform his contractual obligation. ***See***, ***e.g.***, ***Commonwealth v. Bentley***, 448 A.2d 628 (Pa. Super. 1982). He also relies on ***Bentley*** to argue that "the failure to perform the work after requesting additional funds cannot be used to prove the intent to deceive." Appellant's Brief, at 15. Indeed, he claims Victor Cioppa's actions in returning the second day to ask for more money cannot even be imputed to him.

Cioppa is certainly correct that merely requesting additional funds to complete work, after receiving a down payment, and then not completing the work, is not proof, by itself, of the intent to deceive. That is not what happened here. What Cioppa fails to mention in his brief, and what readily distinguishes this case from ***Bentley***, is that the work done here was "subpar and looked horrible." Further, it is a reasonable inference for the factfinder to attribute Victor Cioppa's actions, Cioppa's *employee*, in returning to ask for more money, to Cioppa. By the end of the second day, all Cioppa accomplished was work that was gravely deficient—and then nothing. Bougher was unable thereafter to contact Cioppa. She then had to hire another company "to remove the subpar work" Cioppa left behind.

Looking at the totality of the circumstances, in the light most favorable to the Commonwealth, we find that the Commonwealth presented sufficient evidence that Cioppa never intended to perform his part of the contract. The slapdash, poor quality work, when coupled with Bougher's inability to contact Cioppa, permits the factfinder to find intent to deceive. We sustain the conviction for theft by deception.

Cioppa next argues that the Commonwealth failed to prove that he acted "with intent to defraud … anyone or with knowledge that he is facilitating a fraud … to be perpetrated by anyone, the actor," necessary to sustain his conviction for home improvement fraud, 73 P.S. § 517.8(a)(2). As we just explained that the evidence adduced by the Commonwealth was sufficient to establish that Cioppa acted with the intent to defraud, we need not address this claim any further. We sustain the conviction for home improvement fraud.

Lastly, Cioppa claims the verdict is against the weight of the evidence. As mentioned, this case proceeded by way of a bench trial on stipulated facts.

"[W]e may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice." **Commonwealth v. Champney**, 832 A.2d 403, 408 (Pa. 2003) (citations omitted). A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's

verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." ***Commonwealth v. Davidson***, 860 A.2d 575, 581 (Pa. Super. 2004) (citations omitted), ***aff'd***, 938 A.2d 198 (Pa. 2007).

The trial court found the verdict did not shock its sense of justice. We find no abuse of discretion with this conclusion. The figure of Justice is firmly rooted to her pedestal in this case. Therefore, this claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/27/2017