J-S22020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ROBERT ANTHONY KOLOVICH | : | |
| | : | |
| Appellant | : | No. 1077 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 4, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007618-2014

BEFORE:   SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 22, 2019**

Appellant, Robert Anthony Kolovich, appeals from the Judgment of Sentence entered in the York County Court of Common Pleas following his convictions of Theft by Deception and Theft by Failure to Make Required Disposition of Funds.[1] Appellant challenges the sufficiency of evidence supporting his conviction of Theft by Deception. After careful review, we affirm.

We glean the following relevant facts and procedural history from the certified record. Appellant was the owner of Lifetime Choice Windows, a business that sold and installed windows and doors. From its inception, Appellant financed his business using a cash advance company to purchase materials and labor. Appellant repaid his loans with the cash advance company

_____

[1] 18 Pa.C.S. § 3922(a)(1) and 18 Pa.C.S. § 3927(a), respectively.

_____
\*   Retired Senior Judge assigned to the Superior Court.

by depositing funds that his customers paid to him into a general bank account from which the cash advance company would withdraw the funds that Appellant owed.

Beginning in 2013, Appellant's installation business began to experience financial difficulties and Appellant was unable to pay his personal and business debts. During the last quarter of 2013, the cash advance company refused to advance Appellant any more funds because Appellant had multiple unpaid loans.

In June 2013, the Victim contacted Appellant to replace windows on his house. On June 29, 2013, Appellant and the Victim entered into a contract for the replacement of windows. Most significantly, on July 12, 2013, they entered into an addendum to the contract, in which Appellant agreed to replace the Victim's front door and install a storm door and side lights. The Victim gave Appellant $2,000 as a down payment for the front door, storm door, and side lights. Appellant did not use the down payment to purchase the materials for the front door, storm door, and side lights, but rather used the $2,000 to repay his loans to the cash advance company.

On October 27, 2013, Appellant installed the replacement windows, but he did not replace the Victim's front door, storm door, or side lights. Over the next couple months, the Victim contacted Appellant numerous times regarding the delay with the unfinished work. Appellant falsely blamed the door company for the delay, even though he had never placed a valid order for the front

door, storm door or side lights. In their last conversation on December 4, 2013, Appellant admitted that he lacked the funds to replace the Victim's front door, side door, and side lights and could not refund the $2,000 deposit due to his financial problems.

On July 28, 2014, the Victim filed a police report with James Boddington, Chief of the Southern Regional Police Department. On December 15, 2014, the Commonwealth filed a criminal information against Appellant, charging him with Theft by Deception and Deceptive Business Practices.

The court scheduled a pretrial conference on April 7, 2015, but after Appellant failed to appear, it issued a bench warrant.[2] On April 27, 2015, Appellant filed a pretrial Motion to Quash, asserting that the Deceptive Business Practices statute is unconstitutional. The Commonwealth subsequently withdrew the Deceptive Business Practices charge.

On August 15, 2015, the trial court granted the Commonwealth's motion to add a new count, Home Improvement Fraud.[3] The court further stated it would not enter a scheduling order due to Appellant's involvement in a case in a different county.

---

[2] In March, 2014, Appellant was incarcerated as a result of similar charges in another county. He was released, and thus no longer in custody, at the time that he failed to appear for the April 2015 pretrial conference.

[3] 73 P.S. § 517.8.

On August 31, 2017,[4] a new attorney entered his appearance on behalf of Appellant. On April 4, 2018, just before Appellant's bench trial commenced, the Commonwealth amended the Information to add an additional count, Theft by Failure to Make Required Disposition of Funds. Appellant did not contest the amendment.

The trial court held a bench trial in which Appellant, the Victim, and Chief Boddington testified. The trial court found Appellant guilty of Theft by Deception and Theft by Failure to Make Required Disposition of Funds.[5] The court ordered a pre-sentence investigation report.

On June 4, 2018, the court sentenced Appellant to, *inter alia*, time-served to 23 months' incarceration, followed by three years' probation.[6] Appellant did not file a post-sentence motion.

Appellant timely filed a Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant contends that the evidence is insufficient to sustain his Theft by Deception conviction. Appellant's Br. at 4, 15-18. He asserts that the evidence does not establish that he intentionally obtained or withheld the Victim's $2,000 by creating or reinforcing a false impression. ***Id.*** He avers that

---

[4] The Court of Common Pleas docket indicated that no proceedings occurred in this case for two years—from the August 15, 2015 hearing until August 22, 2017.

[5] The court found Appellant not guilty of Home Improvement Fraud.

[6] The sentencing court merged the Theft by Failure to Make Required Disposition of Funds conviction with the Theft by Deception conviction.

because he performed significant work on the contract and his cash flow problems began after he entered into his contract with the Victim, the evidence demonstrates that he intended to perform his part of the contract. *Id.* He attributes his failure to replace the Victim's door or to refund $2,000 to the Victim on poor business practices. *Id.* at 18.

"A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "[O]ur standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Hutchinson*, 164 A.3d 494, 497 (Pa. Super. 2017) (citation omitted).

In reviewing a sufficiency challenge, we determine "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt." *Commonwealth v. May*, 887 A.2d 750, 753 (Pa. 2005) (citation omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (citation omitted). "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." *Id.*

Pursuant to Section 3922(a), a person is guilty of Theft by Deception if "he intentionally obtains or withholds property of another by deception." 18 Pa.C.S. § 3922(a). A person deceives if he intentionally "creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind[.]" 18 Pa.C.S. § 3922(a)(1). However, the factfinder may not infer that a defendant intended to deceive the victim solely from the fact that the defendant failed to perform the acts he promised to perform. ***Id.*** The factfinder must infer from other facts that the defendant "never intended to perform his part of the contract." ***Commonwealth v. Gallo***, 373 A.2d 1109, 1111 (Pa. 1977); ***Commonwealth v. Bentley***, 448 A.2d 628, 631 (Pa. Super. 1982).

Here, the factfinder reviewed all the evidence before concluding that Appellant "never intended to perform his part of the contract." In its 1925(a) Statement, the trial court concluded that Appellant intentionally obtained and withheld the $2,000 by deception. Supplemental 1925(a) Statement, dated 8/14/19, at 4. In particular, the trial court first found that Appellant **obtained** the $2,000 by deception because Appellant, knowing that he had outstanding debts to the cash advance company, created the false impression that he would use the $2,000 to purchase materials for the job when Appellant intended to use the $2,000 to repay his debt to the cash advance company.

> The trial court found [the Victim's] testimony credible and concluded that Appellant intentionally created a false impression as to what he intended to do with [the Victim's] money. The trial court found that Appellant knew that his undisclosed "cash flow

problem" and "stacking" problem would impede his ability to install [the Victim's] door and anticipated that "[the cash advance company would eat] up part of [the $2,000]." **Appellant intentionally reinforced a false impression by representing to [the Victim] that the money [he] received from [the Victim] would be expressly used to purchase materials even though he knew the money would be immediately absorbed by the cash advance company to which [he] was indebted.**

*Id.* (emphasis added, citations omitted, and modifications in original). The trial court further found that Appellant **withheld** the $2,000 by deception when he falsely told the victim that it was the door company's fault that he could not complete the installation when, in fact, it was Appellant's misuse of the Victim's funds that caused Appellant to be unable to complete the installation. It stated:

[f]urther, when [the Victim] inquired on multiple occasions about the status of the door installation, Appellant intentionally reinforced a false impression by telling him that the delay was due to the door company's neglect, when in fact, it was due to Appellant's conduct. Appellant never placed a valid order for the door.

*Id.*

We agree with the trial court's apt analysis. Viewing all the facts in a light most favorable to the Commonwealth as the verdict winner, we conclude that the evidence, and all reasonable inferences derived therefrom, is sufficient to support the trial court's determination that Appellant never intended to complete the contract. He obtained and withheld the Victim's $2,000 by creating and reinforcing the false impression that he would purchase and install the Victim's front door,

storm door, and side lights when he had used the $2,000 for other purposes. **Gallo**, **supra** at 1111; **Bentley**, **supra** at 631.[7] Accordingly, Appellant is not entitled to relief on his claim that his Theft by Deception conviction cannot be sustained.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2019

---

[7] In **Commonwealth v. Bentley**, we concluded that the evidence was insufficient to establish that the appellant never intended to perform his part of the contract to install a porch, and noted the appellant's use of proceeds for unrelated purposes was not barred by the home improvement contract. 448 A.2d 628, 632 (Pa. Super. 1982). The instant case is distinguishable. In **Bentley**, the appellant informed the complainant that he was using the deposit for unrelated purposes. **Id.** at 629. Additionally, the parties agreed, at least in part, that the appellant's failure to complete the contract was partially due to unexpected problems, including the type of concrete block to be used and the width of the porch. **Id.** at 630