J-A14007-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN DANIAL DONAHUE | : | |
| | : | |
| Appellant | : | No. 908 WDA 2019 |

Appeal from the Judgment of Sentence Entered April 15, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015582-2017

BEFORE: SHOGAN, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: FILED DECEMBER 04, 2020

Appellant, Brian Danial Donahue, appeals from the judgment of sentence entered on April 15, 2019, in the Court of Common Pleas of Allegheny County. For the reasons that follow, we affirm.

The trial court provided the following brief summary of the facts and procedural history:

On February 8, 2019, following a bench trial before the undersigned, Brian Dani[a]l Donahue (hereinafter, "Appellant") was found guilty of one count of Home Improvement Fraud, 73 Pa.C.S.A. § 517.8(a)(1) and one count of Theft by Deception, 18 Pa.C.S.A. § 3922(a)(1). The testimony from the bench trial, established the following facts:

In early 2017, Appellant was contracted by the Walnut Commons Condo Association (hereinafter "Condo Association") through Sharon Mistick and Christopher March to provide a new flat roof on the condominium units. Sharon Mistick was the president and treasurer of the Condo Association. Christopher March was the Vice President of the Condo Association. On or about March 16, 2017, the Condo Association provided Appellant

a check in the amount of $8,000.00 representing a down-payment for the materials for the anticipated roofing work. The check was subsequently cashed within a few weeks and made out to "Catherine Donahue." It was the parties' understanding that the roofing work would take approximately six (6) days to complete. From March 2017 to August 2017, Appellant completed minimal work and failed to communicate with and/or respond to inquir[i]es by the Condo Association regarding the roofing work. In August of 2017, Appellant, Ms. Mistick and Mr. March had a meeting to discuss the completion of the roof work. At that time, Ms. Mistick and Mr. March, on behalf of the Condo Association, agreed to let Appellant complete the roofing work. Appellant blamed the delay in the completion of the roofing work on rain, family issues and personal injuries. After the August 2017 meeting, the Condo Association never heard from or saw Appellant and he never returned to complete the work. Members of the Condo Association were reassessed a fee to raise additional money to have the roofing work completed by a different roofing contractor. A criminal complaint was filed against Appellant on October 11, 2017.

Following Appellant's trial, he was sentenced to 12 months of probation at each count to run concurrently.[1] On June 19, 2019, Appellant filed a [timely] Notice of Appeal, and on July 17, 2019, Appellant [timely] filed his Concise Statement of Matters Complained of on Appeal.

Trial Court Opinion, 8/20/19, at 1–2.

Appellant raises the following issues on appeal:

I. Whether [Appellant's] conviction for Theft by Deception must be reversed, and the judgment of sentence in that regard must be vacated, where the Commonwealth failed to prove, beyond a reasonable doubt, that [Appellant] acted intentionally to deceive

_____

[1] Sentencing occurred on April 15, 2019. Order, 4/15/19. On April 25, 2019, [Appellant] timely filed a post-sentence motion, contending that the evidence was insufficient to support his convictions, or that he was entitled to a new trial based on the weight of the evidence. (Docket Entry 8). On May 20, 2019, the trial court held a hearing, following which it denied Appellant's post-sentence motion.

the complaining witnesses, or that he did not intend to perform on the roofing contract at the time the contract was entered into?

II. Whether [Appellant's] conviction for Home Improvement Fraud must be reversed, and the judgment of sentence in that regard must be vacated, where the Commonwealth failed to prove, beyond a reasonable doubt, that: (1) [Appellant] acted with the intent to defraud or with knowledge that he was facilitating a fraud, at the time he entered into the roofing contract with the complaining witnesses; and/or (2) [Appellant's] statements, at the time the roofing contract was negotiated and signed, were false or misleading?

Appellant's Brief at 5.[2]

We address Appellant's issue in tandem. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. Commonwealth v. Green, 203 A.3d 250, 253 (Pa. Super. 2019), appeal denied, 216 A.3d 1036, 54 WAL 2019 (Pa. July 30, 2019). "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." Commonwealth v. Colon-Plaza, 136 A.3d 521, 525–526 (Pa. Super. 2016)

_____

[2] In his Pa.R.A.P. 1925(b) statement, Appellant had also claimed his sentence for theft by deception should have merged with his sentence for home improvement fraud, but he has abandoned that issue in his brief. See Commonwealth v. Heggins, 809 A.2d 908, 912 n.2 (Pa. Super. 2002) ("[A]n issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived."). We note that the trial court correctly analyzed that issue in its Pa.R.A.P. 1925(a) opinion. Trial Court Opinion, 8/20/19, at 4–5.

(quoting Commonwealth v. Robertson-Dewar, 829 A.2d 1207, 1211 (Pa. Super. 2003)).  It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence.  Commonwealth v. Tejada, 107 A.3d 788, 792–793 (Pa. Super. 2015).  The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence.  Commonwealth v. Mucci, 143 A.3d 399, 409 (Pa. Super. 2016).  Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.  Commonwealth v. Rogal, 120 A.3d 994 (Pa. Super. 2015).

Appellant assails the sufficiency of the evidence supporting his convictions for theft by deception and home improvement fraud.  Appellant's Brief at 20, 34.  The crime of theft by deception provides as follows:

(a) Offense defined.--A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;

(2) prevents another from acquiring information which would affect his judgment of a transaction; or

(3) fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship.

- 4 -

(b) Exception.--The term "deceive" does not, however, include falsity as to matters having no pecuniary significance, or puffing by statements unlikely to deceive ordinary persons in the group addressed.

18 Pa.C.S. § 3922.

The crime of home improvement fraud provides, in pertinent part, as follows:

(a) Offense defined.--A person commits the offense of home improvement fraud if, with intent to defraud or injure anyone or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:

(1) makes a false or misleading statement to induce, encourage or solicit a person to enter into any written or oral agreement for home improvement services or provision of home improvement materials or to justify an increase in the previously agreed upon price;

73 P.S. § 517.8(a)(1).

Appellant asserts that he received an $8,000 check from the Condo Association on March 16, 2017, but did not cash it until March 23, 2017. In both issues, Appellant suggests that because the criminal information states that he committed the crimes "on (or about) Thursday, the 16th day of March 2017 through Thursday, the 23rd day of March, 2017," the Commonwealth "was required to prove" that [Appellant] "from the very outset" never intended to install the Condo Association's roof. Appellant's Brief at 20, 35. Appellant argues he merely "fell behind" on completing the project. Id. at 21, 35. Appellant refers to both statutes, id. at 23, 34, but he wholly fails to analyze the specific elements of either crime. Appellant additionally cites

Commonwealth v. Gallo, 373 A.2d 1109 (Pa. 1977), and Commonwealth v. Bentley, 448 A.2d 628 (Pa. Super. 1982), maintaining that they support his position that the Commonwealth failed to prove Appellant did not intend to complete the project "from the outset." Appellant's Brief at 26, 28, 35. Moreover, he claims that he offered to refund the Condo Association's down payment, but it opted to "move forward." Id. at 25. He appears to suggest that because he did not initiate the business relationship and did not change his business listing after the Condo Association contacted police, these facts support his intention to complete the work. Id. at 32.

The Commonwealth, while acknowledging that non-performance alone is insufficient to establish guilt, maintains that all of the attendant circumstances, including Appellant's "belated nominal efforts, evasiveness[,] and failure to make amends, evince that he did not intend to perform the work at the outset." Commonwealth's Brief at 7. Regarding Appellant's claim that his offer to refund the money to the Condo Association dispels any possible finding that he did not have the intent to defraud, the Commonwealth contends that this assertion is supported only by Appellant's testimony, which the trial court, as fact finder, failed to credit. Id. at 11. The Commonwealth points to the testimony of Ms. Mistick and Mr. March, which was accepted by the trial court, asserting that they did not testify that Appellant offered to return any portion of the money paid. Id. The Commonwealth points to Mr. March's testimony that Appellant did not perform any work on the roof for

ninety days after he received the down payment, and he represented that the work would be done in March or April of 2017, and it would take six days. Id. at 12.

The Commonwealth distinguishes Gallo and Bentley, cases relied upon by Appellant. Id. at 13. The Commonwealth asserts that Appellant signed a contract, accepted a down payment, represented the job would take six days, then never performed any work for ninety days. He performed incomplete work that he again promised to complete, but he never did anything further in the ensuing month, prompting the Condo Association to pursue criminal charges. Commonwealth's Brief at 15–16.

In pertinent part, the trial court stated:

> Here, the evidence presented by the Commonwealth was sufficient to support Appellant's intention to defraud. Appellant's intention may be inferred by Appellant's actions. "Intent to defraud, the conscious object of [A]ppellant to engage in the conduct here charged, like any other element of the burden of proof, may be inferred from words or conduct or from facts and attendant circumstances which are of such a nature as to prove appellant's guilt beyond a reasonable doubt." Commonwealth v. Feldman, 365 A.2d 1289, 1296 (Pa. Super. 1976). Appellant requested and received a down–payment of $8,000 in March of 2017. Appellant subsequently made the check out to "Catherine Donahue" and cashed the check shortly thereafter. By Appellant's own testimony, the roofing work was to take six days to complete. Over a period of approximately six months, Appellant performed nominal work to the roof. Appellant neither communicated nor responded to the concerns of the Condo Association regarding the completion of the roofing work, evading their phone calls and emails. In August 2017, following Appellant's meeting with Ms. Mistick and Mr. March, Appellant additionally failed to complete the work or communicate with the Condo Association. Appellant's intent is inferred from his actions and lack of communication with the Condo Association to work with the Condo Association to

complete the work. Furthermore, Appellant continued to deceive the Condo Association when he met with them in August of 2017 and indicated that he would complete the work and further failed to complete the work when the Condo Association asked Appellant to either complete the work or return the money. Appellant intentionally evaded communications with the Condo Association[].

Trial Court Opinion, 8/20/19, at 3–4.

We agree with the trial court's disposition. The cases Appellant cites for support are distinguishable. Gallo is distinguishable because unlike the instant case, part of Mr. Gallo's inability to perform was the fault of David Leveto, with whom he had the contract. Gallo, 373 A.2d at 191. Bentley is distinguishable because the appellant therein incurred problems with materials, a circumstance that did not occur in this case. Bentley, 448 A.2d at 630.

Bearing in mind our standard of review, and viewing all facts in a light most favorable to the Commonwealth as verdict winner, we conclude the record supports the ruling of the trial court. The instant case reveals that Appellant accepted a down payment and cashed a check for a job that was to take six days, then failed to do any work for three months. N.T., 2/8/19, at 18–19, 73–74. When the Condo Association met with him, Appellant again represented he would do the work, but he did not appear for one month, after which the Association pursued criminal charges. Id. at 75, 78, 81. As the trial court concluded, there was more than mere nonperformance that was indicative of Appellant's intent. Trial Court Opinion, 8/20/19, at 3–4.

Appellant took no steps to complete the work or refund any of the Condo Association's deposit. Moreover, the trial court, acting as fact-finder, determined that Appellant never intended to complete the job when he entered into the contract with the Condo Association. We find no reason to disagree.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/4/2020