J-S75033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
       v.   :
  :
  :
  :
ALEXIS CARABALLO,   :
  :
      Appellant   :   No. 2744 EDA 2017

Appeal from the Judgment of Sentence August 11, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003202-2017

BEFORE:  PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED JANUARY 23, 2019**

Alexis Caraballo ("Caraballo") appeals from the judgment of sentence

entered following his conviction of simple assault.[1]  We affirm.

In its Opinion, the trial court summarized the relevant history underlying

the instant appeal as follows:

> At trial, [Philadelphia Police Officer George] Soto [("Officer
> Soto")] testified that on March 24, 2017, at approximately 8:57
> a[.]m[.], he responded to a radio call with his partner, [Police
> Officer Kevin] Norton, at 3323 North Front Street, Philadelphia.
> Officer Soto knocked on the front door of the home and
> [Caraballo] answered.  Officer Soto testified that he asked
> [Caraballo] what was going on, and that [Caraballo's] response
> was that he had an argument with his girlfriend.  Officer Soto
> stated that he saw the complainant girlfriend walk down the stairs
> inside the home and immediately noticed injuries to the female.
> These injuries included redness and marks to both the face and
> neck area.  Additionally, the complainant was not smiling[,] and
> appeared visibly upset.

---

[1] *See* 18 Pa.C.S.A. § 2701.

Officer Soto testified that he asked the complainant[,] "why do you have those injuries?", to which the complainant responded, "he kicked my ass. I am in an abusive relationship." Next, Officer Soto testified that [Caraballo] stated, "I did not cause those injuries to her face. The only injuries that I caused were the ones on her neck." [Caraballo] made this statement after Officer Soto spoke with the complainant.

Trial Court Opinion, 8/18/18, at 2 (unnumbered) (citations omitted).

Following a bench trial, the trial court convicted Caraballo of the above-described charge. The trial court subsequently sentenced Caraballo to two years of reporting probation. Thereafter, Caraballo filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Caraballo presents the following claim for our review:

Was not the evidence insufficient to sustain a verdict of guilty on the charge of simple assault[,] when there was no evidence that [Caraballo] caused or attempted to cause bodily injury to the complainant?

Brief for Appellant at 4 (unnumbered).

Caraballo claims that the evidence is not sufficient to sustain his conviction of simple assault. *Id.* at 8 (unnumbered). Caraballo argues that in this case, "the only evidence of any injury was the officer's testimony of [*sic*] 'marks.'" *Id.* at 9 (unnumbered). Caraballo asserts that there is nothing of record regarding how the complainant received the marks. *Id.* Further, Caraballo points out the lack of evidence regarding his size, as compared to the complainant's size, "so that the Commonwealth could have shown at least circumstantially that any act of aggression between [Caraballo] and

complainant would have been ruinous to the complainant." *Id.* Caraballo also points out the lack of any evidence regarding how many times the complainant was struck, or the force used by Caraballo. *Id.* Further, Caraballo argues that there is no evidence that the complainant needed medical treatment following the incident, or that she missed work as a result of blows to the face. *Id.* Finally, Caraballo directs our attention to the lack of evidence regarding how long the marks remained on the complainant's face, or evidence that would suggest that the complainant had sustained "bodily injury." *Id.* at 10.

In its Opinion, the trial court addressed this claim and concluded that it lacks merit. *See* Trial Court Opinion, 8/13/18, at 2-3 (unnumbered). We agree with the sound reasoning of the trial court, as set forth in its Opinion, and affirm on this basis with regard to Caraballo's claim. *See id.* We additionally observe that at trial, the Commonwealth introduced a photograph depicting the complainant's injuries. N.T., 8/11/17, at 14-15, 27. Further, Officer Soto testified that he observed redness on both sides of the complainant's neck. *Id.* at 19. Thus, we discern no error or abuse of discretion by the trial court in rejecting Caraballo's challenge to the sufficiency of the evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/23/19

FILED

2018 AUG 13 PM 12: 50

OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION
FIRST JUDICIAL DISTRICT
OF PENNSYLVANIA

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PA
**CRIMINAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA : PHILA NO. CP-51-CR-0003202-2017

:

v. :

:

:

ALEXIS CARABALLO :

CP-51-CR-0003202-2017 Comm. v. Caraballo, Alexis
Opinion

8148961911

---

## OPINION

Coleman, R.                                DATE: 8/13/18

### I. PROCEDURAL HISTORY

Appellant was arrested on March 24, 2017, and charged with Simple Assault, Strangulation, and Recklessly Endangering Another Person.

On August 11, 2017, Alexis Caraballo ("Appellant") appeared before this Court and was found guilty of simple assault. Appellant was sentenced to two years reporting probation.

Appellant filed the instant appeal on April 18, 2018. On September 15, 2017, this Court ordered Appellant to file a concise Statement of Errors Complained of on Appeal pursuant to Rule 1925(b)(1) of the Pennsylvania Rules of Appellate Procedure.

### II. ISSUE PRESENTED BY DEFENDANT

In his Statement of Errors, filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Appellant alleges, through his counsel Demetra Mehta, *verbatim* the following on appeal:

1. The evidence was not sufficient to sustain a verdict of guilty on the charge of simple assault. A simple assault conviction requires evidence that a defendant caused or

attempted to cause complainant bodily injury. No evidence of bodily injury was adduced at trial, neither was it shown the defendant attempted to cause bodily injury. Therefore the evidence was not sufficient to sustain a verdict of guilty on the charge of simple assault.

## III. FACTS

Appellant was arrested and charged with simple assault stemming from an altercation with his girlfriend, the complainant. At trial, police officer Soto testified that on March 24, 2017 at approximately 8:57 am, he responded to a radio call with his partner, officer Norton, at 3323 North Front Street, Philadelphia. Officer Soto knocked on the front door of the home and the defendant answered. Notes of Testimony from Waiver Trial, August 11, 2017, at 9-10. Officer Soto testified that he asked the defendant what was going on, and that the defendant's response was that he had an argument with his girlfriend. *Id.* at 11. Officer Soto stated he saw the complainant girlfriend walk down the stairs inside the home and immediately noticed injuries to the female. These injuries included redness and marks to both the face and neck area. *Id.* at 11-13. Additionally, the complainant was not smiling and appeared visibly upset. *Id.* at 12.

Officer Soto testified that he asked the complainant "why do you have those injuries?", to which the complainant responded "he kicked my ass. I am in an abusive relationship." *Id.* at 17-18. Next, Officer Soto testified that the defendant stated "I did not cause those injuries to her face. The only injuries that I caused were the ones on her neck". *Id.* at 16. The defendant made this statement after Officer Soto spoke with the complainant. *Id.* at 16-17.

## IV. DISCUSSION

This court properly found defendant guilty of simple assault. First, the standard of review for sufficiency of the evidence claims requires the court to evaluate the record "in the light most

favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (2000). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Commonwealth v. Brewer*, 876 A.2d 1029, 1032 (Pa. Super. 2005). Nevertheless, "the Commonwealth need not establish guilt to a mathematical certainty." *Id.*

The Pennsylvania Crimes Code states that a person is guilty of simple assault if he attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another. 18 Pa.C.S.A. § 2701. To obtain a conviction for simple assault, the Commonwealth must demonstrate beyond a reasonable doubt that defendant knowingly injured the victim. *Commonwealth v. Torres*, 766 A.2d 342, 344 (Pa. 2001). In the instant case, the defendant himself admitted to causing the injuries to the complainant's neck. Notes of Testimony from Waiver Trial, August 11, 2017 at 16. Therefore, it is clear by the defendant's statement that he intentionally and knowingly caused bodily injury to the complainant. This satisfies the Commonwealth's burden. Consequently, the defendant was properly found guilty of simple assault.

## V. CONCLUSION

For the above stated reasons the judgment of this Court should be upheld and Appellant's claims should be denied.

R. Coleman, J