J-S11039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MISTER MITCHELL | : | |
| | : | |
| Appellant | : | No. 1002 WDA 2024 |

Appeal from the Judgment of Sentence Entered August 12, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010184-2019

BEFORE: MURRAY, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED: May 7, 2025**

Mitchell's convictions arose from a physical assault he committed against Derrick Jubeck ("Jubeck") while both were inmates at the Allegheny County Jail. Allegheny County Police criminally charged Mitchell for his actions, and the matter proceeded to a non-jury trial. The trial court summarized the trial evidence as follows:

> [O]n May 30, 2019, Jubeck was in the Allegheny County Jail. There, he encountered Mitchell, who was standing in front of him as the two men (and others) were waiting in a sally port. Suddenly and "completely out of nowhere, Mitchell swung around and . . . hit Jubeck in the left side of [his] head." Jubeck attempted to defend himself, but Mitchell struck him again." Indeed, Mitchell "picked up Jubeck and slammed him on his head . . . [a]nd then Mitchell continued to assault Jubeck," who at that time had been rendered unconscious. Mitchell, in fact, "delivered more punches to Jubeck's head and face area" after Jubeck was unconscious. [A corrections officer who witnessed the attack testified that Mitchell punched Jubeck in the head and face five to six times even after Jubeck was unconscious.]

Ultimately, Jubeck regained consciousness in the hospital. He explained his injuries as follows:

> Mitchell fractured my skull in four places, fractured my face in two, he broke five of my ribs. My right shoulder was blown out [and is still not completely attached to my body]. My right eardrum was ruptured. I'm deaf in my right ear now. My brain hemorrhaged in and on itself twice. I have nerve damage in my brain. . . .

Jubeck also experiences memory loss.

[At trial, Mitchell testified on his own behalf, and raised self-defense, claiming that he defended himself during the altercation, which began with Jubeck spitting on him and him pushing Jubeck in response.]

Trial Court Opinion, 8/22/24, at 1-2 (citations to the record omitted).[1]

Following the non-jury trial, the court found Mitchell guilty of the aforementioned crimes. The trial court sentenced Mitchell to an aggregate term of three and one-half to ten years' incarceration.

Mitchell did not immediately file a post-sentence motion or direct appeal. Thereafter, Mitchell filed a Post Conviction Relief Act ("PCRA") petition requesting reinstatement of his direct appeal rights, including the right to file a post-sentence motion, based upon counsel's ineffectiveness. The Commonwealth agreed, and the PCRA court granted that relief. Mitchell then filed a post-sentence motion, challenging the sufficiency of the evidence

---

[1] For ease of review, when quoting the trial court's opinion, we have shortened the trial court's references of "Mr. Mitchell" to "Mitchell" and "Mr. Jubeck" to "Jubeck."

- 2 -

disproving his claim of self-defense beyond a reasonable doubt, which the trial court denied. Mitchell filed a timely notice of appeal. Both Mitchell and the trial court complied with Pa.R.A.P. 1925.

On appeal, Mitchell raises the following issue: "Did the Commonwealth fail to disprove beyond a reasonable doubt that [Mitchell] acted in self-defense in inflicting serious bodily injury on [Jubeck]?" Mitchell's Brief at 4.

Mitchell's sole issue is that the Commonwealth failed to present sufficient evidence to refute his claim of self-defense. Our review of a sufficiency claim is well-settled:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the factfinder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the factfinder.

***Commonwealth v. Scott***, 325 A.3d 844, 849 (Pa. Super. 2024) (citation and brackets omitted, and italicization added).

Generally, an individual is justified in using force upon another person "when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other

person on the present occasion." 18 Pa.C.S.A. § 505 (a). The crimes code defines deadly force as "force which, under the circumstances in which it is used, is readily capable of causing death or serious bodily injury." 18 Pa.C.S.A. § 501. Serious bodily injury, in turn, is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

When a defendant uses deadly force, the elements of a claim of self-defense are: "(a) [the defendant] reasonably believed he was in imminent danger of death or serious bodily injury and that it was necessary to use deadly force against the victim to prevent such harm; (b) that the defendant was free from fault in provoking the difficulty which culminated [in the defendant's use of deadly force]; and (c) that the [defendant] did not violate any duty to retreat." *Commonwealth v. Mouzon*, 53 A.3d 738, 740 (Pa. 2012) (quotation marks and citation omitted).

> In considering a self-defense claim, we must bear in mind:
>
> When a defendant raises the issue of self-defense, the Commonwealth bears the burden to disprove such a defense beyond a reasonable doubt. While there is no burden on a defendant to prove the claim, before the defense is properly at issue at trial, there must be some evidence, from whatever source, to justify a finding of self-defense. If there is any evidence that will support the claim, then the issue is properly before the fact finder.

*Commonwealth v. Torres*, 766 A.2d 342, 345 (Pa. 2001) (citations omitted). "The finder of fact is not required to believe the defendant's

- 4 -

testimony that he thought that he was in imminent danger and acted in self-defense." ***Commonwealth v. Green***, 273 A.3d 1080, 1088 (Pa. Super. 2022) (citations omitted). "Disbelief of the defendant's testimony, however, is not sufficient to satisfy the Commonwealth's burden to disprove self-defense absent some evidence negating self-defense." ***Id***.

Therefore, the Commonwealth sustains its burden of disproving self-defense if it establishes, beyond a reasonable doubt, at least one of the following: "1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked or continued the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety." ***Commonwealth v. Smith***, 97 A.3d 782, 787 (Pa. Super. 2014) (citation omitted). Moreover:

> The Commonwealth must establish only one of these three elements beyond a reasonable doubt to insulate its case from a self-defense challenge to the evidence. The Commonwealth can negate a self-defense claim if it proves the defendant did not reasonably believe he was in imminent danger of death or great bodily injury and it was necessary to use deadly force to save himself from that danger.
>
> > The requirement of reasonable belief encompasses two aspects, one subjective and one objective. First, the defendant must have acted out of an honest, bona fide belief that he was in imminent danger, which involves consideration of the defendant's subjective state of mind. Second, the defendant's belief that he needed to defend himself with deadly force, if it existed, must be reasonable in light of the facts as they appeared to the defendant, a consideration that involves an objective analysis.
>
> [T]he use of deadly force itself "cannot be viewed in isolation with [the victim] as the sole physical aggressor and [the defendant]

acting in responsive self-defense. [T]his would be an incomplete and inaccurate view of the circumstances for self-defense purposes." To claim self-defense, the defendant must be free from fault in provoking or escalating the altercation that led to the offense, before the defendant can be excused from using deadly force. Likewise, the Commonwealth can negate a self-defense claim by proving the defendant "used more force than reasonably necessary to protect against death or serious bodily injury."

*Id*. at 787-88 (citations and emphasis omitted).

Mitchell argues that the Commonwealth failed to disprove beyond a reasonable doubt that he was not acting in self-defense. He maintains that the Commonwealth provided no evidence that he provoked the use of force or that he had a duty to retreat and, if so, could have safely done so. He claims that the Commonwealth also failed to prove beyond a reasonable doubt that: he did not reasonably, if mistakenly, believe that he was in imminent danger of unlawful force; and he did not reasonably believe that the force he used was necessary in order to protect himself.

In its opinion, concerning Mitchell's self-defense claim, the trial court determined that the issue was meritless, explaining as follows:

> Here, the credible testimony [presented at trial] . . . disproved [Mitchell's] claim of self-defense, which is the only claim [Mitchell] raises on appeal. Said testimony demonstrates, among other things, (i) that [Mitchell] used deadly force that resulted in permanent impairment and injury to [Jubeck]; (ii) that [Mitchell] suddenly attacked [Jubeck] without provocation from [Jubeck], revealing [Mitchell] lacked fear for his own safety; and (iii) that [Mitchell] was the aggressor in the two men's encounter. Moreover, said testimony came from [Jubeck] and a correctional officer at the Allegheny County Jail, *i.e.*, witnesses other than [Mitchell], which evidences that this court did not reach its verdict merely by disbelieving [Mitchell]. Accordingly, though [Mitchell] did, indeed, present a claim of self-defense, . . . and the court

found [Mitchell's] testimony to be incredible, the Commonwealth presented competent independent evidence to carry its burden of disproving [Mitchell's] self-defense claim.

Trial Court Opinion, 8/22/24, at 6-7 (unnecessary capitalization omitted).

Viewing the evidence in the light most favorable to the Commonwealth and giving it all reasonable inferences as verdict winner, we conclude that the Commonwealth presented sufficient evidence to disprove that Mitchell acted in self-defense. The evidence did not demonstrate that Mitchell's use of force was immediately necessary for his own protection against the unlawful use of force by Jubeck. Here, Jubeck testified that he did not attack Mitchell, and that "completely out of nowhere, [Mitchell] swung around and . . . hit [Jubeck] in the left side of [his] head. N.T., 5/4/22, at 22. Further, the corrections officer who witnessed the attack testified that Mitchell "delivered more punches to [Jubeck's] head and face area" after Jubeck was unconscious. *Id*. at 13. Thus, the Commonwealth presented sufficient evidence to rebut Mitchell's self-defense claim beyond a reasonable doubt by establishing that Mitchell **provoked** the altercation and continued to beat the unconscious victim. **See Smith**, 97 A.3d at 787. Under these circumstances, we conclude that the Commonwealth met its burden of establishing that Mitchell's use of force was not justified. Accordingly, Mitchell's issue entitles him to no relief.

Having found no merit to Mitchell's issue, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/07/2025